LIN J. CLARK AND AGNES M. CLARK, *as Executrices of the Estate of W. P. Clark, deceased,* v. EDSON GOIT.

ACTION *on Award.* In defense of an action on an award, or for not performing an award, the defendant may avail himself of any material error or defect apparent upon the face of the award, such as excess of power by the arbitrators, or defect of execution of power, as by omitting to consider a matter submitted.

MEMORANDUM.—Error from Anderson district court; A. W. BENSON, judge. Action by Edson Goit against Lin J. Clark and Agnes M. Clark, as executrices of W. P. Clark. Judgment for plaintiff. Defendants bring the case to this court. Reversed. All of the material facts appear in the opinion, filed August 6, 1895.

*J. G. Johnson,* for plaintiffs in error.

*Kirk & Bowman,* for defendant in error; *Douthitt, Jones & Mason,* of counsel.

The opinion of the court was delivered by

COLE, J.: This was an action brought by the defendant in error, Edson Goit, against plaintiffs in error, Lin J. Clark and Agnes M. Clark, executrices of W. P. Clark, deceased, in the district court of Anderson county, upon an award of arbitrators. The district court gave judgment in favor of Goit for a portion of the award made, and the said Lin J. Clark and Agnes M. Clark, executrices, bring the case here for review. A number of errors are alleged, but all refer practically to the same point, namely, that the arbitration was void for the reason that the arbitrators did not pass upon the question referred to them, and for the further reason that said arbitrators considered matters which were not referred to them; and

the rulings of the court complained of were adverse to the plaintiffs in error at each successive stage in the case where they sought to raise these questions. For this reason we think these alleged errors may all be considered together. It is a well-known rule that arbitrations are favored by the courts, and that every intendment will be made in favor of sustaining an award. The very fact, however, that with the vast amount of litigation of these latter days this rule has come to obtain so strongly, should cause courts to see that parties who do submit their controversies to a tribunal of this character may feel that they are to be bound by a decision of the question or questions submitted to such tribunal, and no further.

In this case the submission made by the decedent of plaintiffs in error was as follows ;

"EXHIBIT A.

"*Submission.*

"Know all men, that, in the matter of controversy between W. P. Clark and Edson Goit, concerning the amount of corn sold by Parmelia Hamilton, by her attorney, J. R. Ahlefeld, at Le Roy, Kas., to the said W. P. Clark, the same being the amount of corn raised on the farm of Edson Goit in Rich township, Anderson county, during the year 1887, being also the one-third part of the crop raised by John Shawver, William Bingham, Wieland Wallace, and Griffin, and more particularly described in a certified copy of a bill of sale made and executed on the 11th day of March, 1887, by said Edson Goit to Parmelia Hamilton, hereto attached, marked 'A', said corn sold by said Parmelia Hamilton to said Clark, according to the terms of a certain contract, executed on the 12th day of September, 1887, by said W. P. Clark and Parmelia Hamilton, and hereto attached, marked 'B', that said W. P. Clark and Edson Goit hereby submit said controversy to the arbitration of George Sinclair, J. W. Garrison, and Jonathan Davis. The said award

shall be made in writing under the hands of the said arbitrators, ready to be delivered to said parties on or before the 1st day April next.    And it is further stipulated, that the said parties shall each pay his own witnesses, and that the money paid to the arbitrators and the justice of the peace shall be equally divided, or paid by said W. P. Clark and Edson Goit, each one-half; that said award shall in all things, by us and each of us, be well and faithfully kept, observed, and performed.                    EDSON GOIT.
                                        W. P. CLARK.
"In the presence of B. R. Porter, J. P.

"The claims submitted by the parties are as follows : First, as to the validity of the sale to Parmelia Hamilton by Edson Goit; second, the amount of corn to be accounted for by W. P. Clark; third, damages to the farm by reason of pasturing on stalk fields.
                                        EDSON GOIT.
                                        W. P. CLARK."

And such part of exhibit "A," referred to in said submission, as is applicable herein, was as follows :

"A.

"Know all men by these presents, that I, Edson Goit, of Anderson county, Kansas, have this day sold, and by these presents do sell and convey, unto Parmelia Hamilton, of Le Roy, Coffey county, Kansas, the following personal property, to wit : One bay horse (gelding), six years old, about fifteen hands high; one bay horse (gelding), eight years old, about sixteen hands high; also, one bay mare, seven years old, about fifteen and a half hands high; also, one-third of the corn and all my share of the millet to be grown the coming season upon the north half of section 4, township 23, range 21, in said Anderson county, Kansas, known as 'the Edson Goit farm;' the consideration of this transfer being the sum of $150.    Now, if the said Goit shall pay, or cause the said sum of $150 to be paid, on or before the 11th day of September, 1887, and the interest thereon, then this sale shall be null and void; otherwise to be in

full force and effect. Witness my hand this 11th day of March, 1887. EDSON GOIT.

"*Witness:* J. P. Shively, Victor Parsley."

Exhibit "B", referred to in said submission, was as follows :

"B.

" Contract entered into this day between J. R. Ahlefeld, attorney for Mrs. Parmelia Hamilton, of Le Roy, and W. P. Clark, of Kincaid, Kas., as follows, to wit: That said J. R. Ahlefeld, attorney, has sold and conveyed, by bill of sale to said Clark, the right, title and interest of Edson Goit in the crops of corn and millet raised this year of 1887 on the farm of said Goit, in Rich township, Anderson county, Kansas, said interest being the landlord's part, or the one-third part of the crops raised by Bingham, Wallace, Griffin, Shawver and Wieland, renters on said farm ; that the corn shall be estimated as follows by a disinterested person selected by the parties to select shocks of corn in different parts of the field, according to his judgment ; the corn so selected to be husked and weighed, which number of bushels shall be taken as an average of the whole number of bushels sold to said Clark ; the price paid being 25 cents per bushel. The millet to be $2 per ton, if in good condition, the average to be made by Davidson Wood, of Rich township. The said Parmelia Hamilton guarantees the peaceable possession of said crops of corn and millet to said W. P. Clark, as per the conditions of this contract. The payments to be made as follows : $378.45 cash in hand ; the balance to be paid when estimate is made ; and, further, the estimate is to be made on or before the 1st day of December, 1887.

PARMELIA HAMILTON,
*By her attorney, J. R. Ahlefeld.*
W. P. CLARK."

The petition of plaintiff alleged that the parties to such submission submitted the dispute therein named to three arbitrators, who are named in said petition, and alleged that an award was made in favor of Goit

by said arbitrators, and a refusal upon the part of the decedent Clark to perform such award, and prays for judgment upon such award. There was attached to the amended petition, upon which this cause was tried, copies of the submission, together with the exhibits therein referred to, and also copies of the bond executed by the parties to such submission, and of the award made by the arbitrators, which award was as follows :

"To whom all these presents shall come : That the matter in controversy existing between W. P. Clark and Edson Goit, as by their submission in writing bearing date of the 26th day of March, A. D. 1888, more fully appears, was submitted to George Sinclair, J. W. Garrison and Jonathan Davis, as arbitrators. The said arbitrators being duly sworn according to law, and having heard the proofs and allegations of the parties, and examined the matter in controversy by them submitted, do make this their award : First. We find that E. Goit sold to W. P. Clark all of his corn, including sod corn and corn grown by renters, grown on his (Goit's) farm, in Rich township, Anderson county, Kansas, in the year 1887, for 30 cents per bushel, except 300 bushels, as by letter of said Goit to Clark dated September 5, 1887. We further find that said Goit had 3,145 bushels of corn, of which amount said Clark accounts for 2,831 bushels, leaving 314 bushels unaccounted for to Goit, 14 bushels of which are to be accounted for at 30 cents per bushel, and 300 bushels in corn, or its equivalent, making in all to be accounted for by Clark to Goit 2,845 bushels, at 30 cents per bushel ; amount, $853.50. We further find Clark had of Goit 16⅔ tons of millet hay, valued at $2.50 per ton, amounting to $41.66. Second. We find due from Clark to Goit rebate on money paid by said W. P. Clark on order of said E. Goit to Parmelia Hamilton, paid $378.45 ; less rebate, $35. Third. We find the amount had of Goit by Clark to be $930.15. Fourth. Paid by W. P. Clark to Parmelia Hamilton by order of E. Goit, $378.45. Amount

paid Roy Sargent by Clark on Goit's order, $26. Total paid Goit by Clark, $930.16 — $404.45, leaving W. P. Clark debtor to E. Goit in the sum of $525.71, and the above-mentioned three hundred (300) bushels of corn, or its equivalent. Signed this 28th day of March, 1888.     J. M. DAVIS,
*Chairman Board of Arbitrators.*
J. W. GARRISON.
GEORGE SINCLAIR.''

A motion to make such petition more definite and certain, and a general demurrer to said petition, were successively overruled, whereupon an answer was filed setting forth in substance that the only matters submitted to said arbitration were the dispute concerning the amount of corn which had been sold by Edson Goit to Parmelia Hamilton, and then sold by Parmelia Hamilton to W. P. Clark, and as to the damage done Goit's farm by reason of the same having been pastured ; and alleging that the arbitrators appointed by said submission wholly disregarded the articles of submission so made ; that the said Clark had at all times dissented from the award, and that the said Goit ought not to be permitted to maintain his action for the reason that the amended petition of said Goit did not state facts sufficient to constitute a cause of action. And, a reply having been filed containing a general denial of the allegations contained in the answer which were inconsistent with the allegations in the petition, the cause came on for hearing before the court, the parties having waived a jury. Whereupon the plaintiffs in error filed a motion for judgment on the pleadings, which was by the court overruled, as well as an objection then made by said plaintiffs in error to the introduction of any evidence by the defendant in error. And thereupon the said Goit introduced his evidence as follows, the award, submission,

and bond, and rested his case.   And, a demurrer to the evidence filed by the plaintiffs in error having been overruled, judgment was rendered in favor of the defendant in error upon said award for the sum of $484.05.   A motion for a new trial, setting forth all the statutory grounds applicable, was duly filed, and, upon the hearing thereof, was overruled.

The one question for decision is whether the trial court erred in overruling the several objections made to the award of the arbitrators.   And the first point which claims our attention in the decision of that question is, What differences were submitted to the arbitrators, as shown by the record of such submission?   It appears plainly from the submission that a controversy existed between Clark and Goit concerning the amount of corn sold by one Parmelia Hamilton to said Clark, and this corn is particularly described as being the amount of corn raised on the farm of Goit, in Rich township, Anderson county, in 1887, and further described as the one-third part of the crop raised by certain tenants named in said submission, and more particularly described in exhibit "A", attached to such submission, as one-third of the corn grown on the north half of section 4, township 23, range 21, in Anderson county.   So far as the record shows this corn was transferred by bill of sale by Goit to Parmelia Hamilton to secure an indebtedness of $150, and whatever interest Parmelia Hamilton had was afterward transferred to Clark ; and the claims submitted by the parties to the arbitration were — first, as to the validity of the sale to Hamilton by Goit ; and, second, the amount of corn to be accounted for by Clark.   Obviously, this " amount of corn to be accounted for by Clark " was that referred to in the transfer of Goit to Hamilton, and Hamilton to Clark ; and it certainly

must be held that the two questions with regard to the corn stated at the close of the submission were but succinct statements of that which had been more fully set forth in the articles of submission ; and, when the arbitrators had determined from the evidence adduced before them what the amount of corn was which had been transferred from Goit to Hamilton and from Hamilton to Clark, their powers ceased upon that subject; for that was the only dispute concerning corn which the parties agreed they might settle. Nowhere in the submission does it appear that the arbitrators were delegated the power to compute any amount of money due from one party to the submission to the other, nor to hear evidence in regard to or fix the price to be paid by either party to the submission for the property named therein ; nor were they given any permission to settle the accounts existing between said parties. They were simply to decide two questions so far as relates to any matter here in dispute : First, as to the validity of a certain sale ; and, second, the amount of corn transferred by such sale and to be accounted for by Clark. The counsel for defendant in error argues that the real question for decision was, "How much does Clark owe Goit for corn?" But this, we take it, is not a proper deduction from the articles of submission. Price or money is nowhere mentioned, and it is reasonable to presume that, while Clark might have been perfectly willing for arbitrators to decide the one disputed question, he was not willing to submit all the existing accounts between himself and Goit to such a tribunal ; for, if he had been, the articles of submission would have been general, and not specifically confined to the one question as they were. It is .plain from the record that the real question in

dispute between the parties was not passed upon at all; for the award specifically sets forth that the corn for which Goit was permitted to recover was sold by Goit direct to Clark, by letter dated September 5, 1887. "In defense to an action on an award, or for not performing an award, the defendant may avail himself of any material error or defect apparent on the face of the award, such as excess of power by the arbitrators, defect of execution of power, as by omitting to consider a matter submitted." (2 Greenl. Ev., § 78.) In Morse on Arbitration and Award, 345, it is laid down that the rule undoubtedly is, that the failure to pass upon all the matters submitted is fatal to the whole award, rendering it void. And this doctrine not only existed in the earlier cases, but has been held to be the correct one by the more modern decisions. (See *Canfield v. Insurance Co.*, 55 Wis. 419; *Amos v. Buck*, 75 Iowa, 651.)

It is further urged by counsel for defendant in error that, at the time the answer was filed in the trial court, it was neither the time nor place to object to an award on the grounds that the arbitrators had wholly disregarded the matter submitted to them, and had refused to consider matters submitted to them for their consideration, and in support of this position counsel cite *Anderson v. Beebe*, 22 Kas 768; *Weir v. West*, 27 id. 650, where the doctrine is laid down that the award stands as the verdict of a jury, and that, if the defeated party has objections, he must file them, as he would file a motion for a new trial, after verdict. The opinions in both these cases were written by Mr. Justice BREWER, and we fully agree with counsel that they were entitled to much weight at the hands of this court. Both cases lay down the some doctrine, and both were cases where

23—APP.

the articles of submission contained an agreement that the award should be made a rule of court. A careful examination clearly convinces us that the doctrine there announced was never intended to apply to a case like the one at bar ; for, in the latter case, after stating the facts and announcing the rule above quoted, Mr. Justice BREWER says, at page 653 :

"In this of course we refer to these arbitrations in which it is expressly stipulated that the submission shall be made a rule of court ; for, as appears from § 1 of said chapter, two kinds of arbitrations are provided for — one in which the submission is to be made a rule of court, and the other in which no such judicial proceeding is contemplated."

And again, at page 655 in the same opinion, the following language is used :

"We desire to repeat, in conclusion, that the remarks we have made in reference to these objections apply only to a case in which by express stipulation the submission is to be made a rule of court, and in which the arbitration is had, the award made and filed in the court in pursuance to the stipulation, and in which one of the parties thereto, instead of seeking a direct review in the court, seeks to challenge it in a collateral way and have it declared absolutely void. The proceedings, where they have advanced so far as the filing of an award in a court of general jurisdiction in accordance with the terms of the stipulation, have become the proceedings of the court. The parties by·signing the submission have submitted themselves to the jurisdiction of the court, and if the controversy is one of which the court can take jurisdiction, it has jurisdiction both of the parties and of the subject-matter ; then, notwithstanding errors appear in the progress of those proceedings, they cannot in any collateral action be held absolutely void. Whatever errors may have transpired can be reviewed and corrected only by direct proceedings in review."·

In the case at bar there was no agreement that the award should be made a rule of court, and, therefore, it was impossible for the court to obtain jurisdiction, either of the persons or the subject-matter. It was only through an action brought upon the award, and the service of summons in that action, that the court obtained jurisdiction. It is plain from the above decisions that the rule contended for by counsel for defendant in error has no force in this case. It follows from the above reasoning that the award made in this case was void, and that the district court erred in sustaining the same.

The judgment of the trial court is reversed, and the cause remanded with instructions to the district court to render judgment upon the pleadings in favor of the plaintiffs in error.

DENNISON, J., concurring.

JOHNSON, P. J., having been of counsel, took no part in this case.