18647

Coy DERRICK d/b/a Derrick Electric Company, Appellant, v. C. M. COMPTON, Guy Lipscomb, Jr., Forrest K. Abbott, Oliver E. Wolfe, Robert Pulliam and E. M. Woodward, as Commissioners of the Richland-Lexington Airport Commission, Respondents.

(154 S. E. (2d) 573)

*Messrs. Harry S. Dent* and *Richard M. Kennedy, Jr.,* of Columbia, *for appellant,*

*Messrs. Robert A. McKenzie* and *Rogers, McDonald & Ross,* of Columbia, *for respondents,*

May 9, 1967.

LEWIS, Justice.

The plaintiff brought this action to have an arbitration award set aside upon the ground, among others, that the award failed to decide all issues submitted to the arbitrators for decision. The lower court affirmed the arbitration award and plaintiff has appealed, charging error only in the failure of the lower court to set aside the award upon the foregoing ground.

The defendants are members of the Commission in charge of the Columbia Metropolitan Airport and in 1964 entered into a contract with the plaintiff to do certain electrical work at the airport. During the progress of the work numerous disagreements arose between the parties and, when the work was substantially completed, they were unable to agree on the balance due. In order to settle their differences they entered into a written common law arbitration agreement in which they submitted to a board of three arbitrators the following questions for decision:

"1. Whether or not liquidated damages are due the Owner because of the failure of the Contractor to complete his work within the contract time and if so, the number of working days which should be charged against the Contractor.

"2. Quantity of materials furnished and described in Schedule 3, Item 7B, 7C, 7D and 7E.

"3. Whether or not the Contractor had been damaged due to unreasonable delays caused by the Owner."

After a hearing, the board of arbitration made specific findings as to questions 1 and 2, but reported the following as to question 3:

"3. With regards to damages the Contractor may or may not have suffered due to any action of the Owner; it was mutually agreed between the Owner and the Contractor that this question had been settled prior to the arbitration hearing and would not be considered by the arbitrators."

Subsequently, this action was instituted by the plaintiff to have the award set aside upon the ground, among others, that the arbitrators not only failed to decide question 3 as submitted, but erroneously stated that such issue had been settled between the parties. The issues were by agreement referred to the Master in Equity for Richland County who, after taking the testimony, filed a report in which he decided other questions, but made no specific finding with reference to plaintiff's contention that there had been no settlement of question 3 and therefore the board erroneously failed to decide such issue.

Exceptions subsequently filed by plaintiff to the report of the Master were overruled and the findings of the Master affirmed in an order of the circuit court in which it was held, with specific reference to the position of plaintiff that the board had failed to pass upon question 3, that, (1) since the plaintiff failed to demand that the testimony before the arbitration board be taken down in writing, he was now precluded from contending that there was no factual basis for such finding of the board, and (2), in any event, it was inferable from the findings of the board with reference to question 1 that they had considered question 3.

The plaintiff has appealed from the foregoing judgment under exceptions which challenge the conclusion of the lower court that plaintiff is bound by the statement in the award of the board that the issues under question 3 had been settled and that plaintiff is now precluded from challenging the factual basis of such statement or finding.

The award in this case stated, as to question 3, that "it was mutually agreed between the Owner and the Contractor that this question had been settled prior to the arbitration hearing and would not be considered by the arbitrators."

Therefore, the basis of the finding as to question 3 was an alleged subsequent agreement between the parties to withdraw a submitted issue from consideration by the board.

The question here then is not whether there was a factual basis for the findings of the arbitrators on the merits of the issues submitted and decided, but rather whether there was a withdrawal of question 3 from the board's consideration. Neither the master nor the circuit judge passed upon the merits of plaintiff's contention in this regard.

The parties to an arbitration agreement have a right to insist upon a complete determination of all questions submitted to the arbitrators and, where there is an alleged failure to decide all such questions, the court has the power, at the instigation of any party to the agreement, to determine whether the award covers the full scope of the issues submitted. This is not a review of the decision of the arbitrators upon the merits of an issue submitted but rather a judicial inquiry into whether the arbitrators have performed the duties imposed upon them under the agreement.

We think that the Master and the lower court were in error in not considering the merits of plaintiff's claim that the board had erroneously failed to decide question 3 as submitted in the arbitration agreement. The question of whether the parties had mutually withdrawn this issue should have been determined upon the merits.

The lower court held however that the failure of plaintiff to require a record of the testimony barred him from attacking the award for incompleteness. No rule has been cited which requires that a record of testimony be made at such an arbitration hearing, and the fact that the testimony before the arbitration board was not taken down in writing does not preclude the plaintiff from challenging the award upon the ground that it did not decide all issues submitted.

Neither is there merit in the holding of the lower court that it is inferable from the findings of the board as to question 1 that they considered question

3. Any such inference would be unwarranted and improper in the face of the statement in the award of the arbitrators that they were not called upon to consider question 3 because it had been settled and withdrawn.

The cause is therefore remanded to the lower court for a determination of whether question 3 was settled and withdrawn by agreement of the parties, with leave to take testimony on such issues.

The effect of a failure of the arbitrators to decide question 3, if it be found that this question was not withdrawn by agreement of the parties, is not before the court and no opinion is indicated thereabout.

Reversed and remanded.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.