(677 P.2d 573)

No. 55,055

RURAL WATER DISTRICT NO. 6 BUTLER COUNTY, KANSAS, *Appellee*, v. ZIEGLER CORPORATION, *Appellant*.

Opinion filed February 9, 1984.

R. W. Miller and Kevin E. Glynn, of Miller and Glynn, P.C., of Kansas City, Missouri, and Michael G. Coash, of Bond, Bond & Coash, of El Dorado, for appellant.

Ray L. Connell, of Connell & Connell, of El Dorado, for appellee.

Before REES, P.J., MEYER, J., and RICHARD W. WAHL, District Judge assigned.

WAHL, J.: This is an appeal by the defendant, Ziegler Corporation, from the district court's confirmation of an arbitration award in favor of the plaintiff, Rural Water District No. 6, of Butler County, Kansas.

The record on appeal in this case is inadequate for a proper statement of facts. It does not contain, among other things, pertinent provisions of the contract between the parties, the rules governing the arbitrators or the documentation of issues presented to the arbitrators. A copy of the contract and many of the facts set forth below have been taken from the parties' briefs on appeal.

On or about April 24, 1980, Ziegler Corporation (Ziegler) entered into a contract with Rural Water District No. 6, Butler County, Kansas (District), under which Ziegler agreed to construct a water supply system for the District. The contract contained a liquidated damage clause which provided that if the project was not completed by a specified date, the District would be entitled to liquidated damages in the amount of $250 for each calendar day past the agreed completion date. The contract also provided that the District could terminate Ziegler's services if

Ziegler "should be intolerably negligent and slow in [its] prosecution of the work, or if [it] repeatedly fails to supply sufficient skilled workmen."

On March 15, 1982, the District served a written demand upon Ziegler to terminate its work on the project. On April 2, 1982, the District filed a petition in the district court seeking a restraining order removing Ziegler from the project. Ziegler responded by filing motions to stay the proceedings and to compel arbitration. The motion to compel arbitration was based upon a provision in the contract which provided that the parties would submit all disputes to arbitration. The trial court sustained Ziegler's motions and the case proceeded to arbitration.

In its demand for arbitration, Ziegler sought additional costs for work performed on the project. The District sought the liquidated damages provided for in the contract in addition to other expenses. The District's demand to terminate Ziegler was also presented.

The arbitration proceedings occurred on June 17, 18, and July 8, 1982. The arbitrators' award denied Ziegler's claims on all counts and terminated Ziegler's services on the project effective July 17, 1982. It also awarded the District liquidated damages, and it is primarily that portion of the award which is in dispute in this appeal. The arbitrators found the $250 per day damage figure to be reasonable and commensurate with the actual damages sustained by the District. They also found that due to "drought conditions beyond Ziegler's control," water was unavailable to Ziegler for 274 days, and, consequently, the completion date for determining liquidated damages was extended to March 21, 1982. The District was then awarded liquidated damages for the period between March 21, 1982, and July 17, 1982, in the amount of $29,250. The award also provided that "[t]his Award does not contain liquidated damages which may be assessable against Ziegler for the period from July 17, 1982, until completion of the contract work, since the amount thereof would only be ascertainable when the work is completed."

The District filed a motion to confirm the arbitration award and Ziegler moved to vacate the award. The district court denied the motion to vacate and sustained the motion to confirm the award. The court confirmed the $29,250 liquidated damage award and, with reference to the liquidated damages to be

awarded after July 17, 1982, provided that "this Court shall retain jurisdiction concerning the amount of liquidated damages to be assessed." Ziegler timely perfected an appeal from the order of the district court confirming the arbitration award. We affirm.

In determining the questions raised in the present case, it is helpful to review some general comments made by Justice, now Chief Justice, Schroeder in *Coleman v. Local No. 570,* 181 Kan. 969, 975-976, 317 P.2d 831 (1957):

"Arbitration awards, which courts regard as valid and suitable for judicial enforcement, are neither contract nor judgment but partake of the nature of both. The award partakes of the nature of a contract because it is the result of a contract, the submission agreement, whereby the parties agree to comply with the award. It differs from a contract in that it is the act of the arbitrators, not of the parties themselves. It partakes of the nature of a judgment in that, if it is valid, it is binding upon them though imposed by an outside source.

"The dual nature of the award serves to explain the limited grounds on which it may be successfully impeached. In general it may be said that the ground urged must be good, both for attack upon a judgment and for relief against the terms of a contract. But, certain grounds that would be sufficient in an appeal from a judgment would not be grounds for impeaching an award, for the reason that the contractual element is present in the award. Thus, the fact that the arbitrator made erroneous rulings during the hearing, or reached erroneous findings of fact from the evidence, is no ground for setting aside the award, because the parties have agreed that he should be the judge of the facts. Even his erroneous view of the law would be binding, for the parties have agreed to accept his view of the law. Were it otherwise in either of these cases, arbitration would fail of its chief purpose; instead of being a substitute for litigation, it would merely be the beginning of litigation. Error of law renders the award void only when it would require the parties to commit a crime or otherwise to violate a positive mandate of the law. . . .

"Judicial intervention is ill-suited to the special characteristics of the arbitration process in labor disputes."

## On pages 980-81, the court said:

"The parties having agreed to be bound by a submission to arbitration under the terms of the Agreement are in no position to complain of the award. The general rule is that errors of law and fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are insufficient to invalidate an award fairly and honestly made. Nothing in the award relative to the merits of the controversy as submitted, even though incorrectly decided, is ground for setting aside an award in the absence of fraud, misconduct or other valid objections. [Citations omitted.]"

## The court continued on pages 981-982:

"But an award governing future conduct of parties to an arbitration cannot be set

forth as specifically as an award for money due on an open account. If an award is so written that by giving the words used their ordinary meaning, including that which may be fairly inferred from language used, there is a reasonable certainty of a common intent. Awards are not required to be written with such critical nicety that a forced construction cannot discover a doubt. Every presumption is in favor of the validity of an award, and it will be construed so as to put one consistent sense on all its terms. [Citations omitted.]"

The Kansas Uniform Arbitration Act is found at K.S.A. 5-401 *et seq.* An appeal from an order confirming an arbitration award is permitted by K.S.A. 5-418(*a*)(3), and K.S.A. 5-418(*b*) provides that "[t]he appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action." Thus, the Act does not impose restrictions on this court's power to review the district court's decision, but it does restrict the district court's review of the arbitrator's decision. K.S.A. 5-412(*a*) sets forth the limited circumstances under which an arbitration award shall be vacated:

"(*a*) Upon application of a party, the court shall vacate an award where:

"(1) The award was procured by corruption, fraud or other undue means;

"(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

"(3) The arbitrators exceeded their powers;

"(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of K.S.A. 5-405, as to prejudice substantially the rights of a party; or

"(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under K.S.A. 5-402 and the party did not participate in the arbitration hearing without raising the objection."

K.S.A. 5-412(*a*) further provides:

"But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."

Ziegler cites cases from Michigan and Illinois in which the arbitrators' awards were set aside due to errors of law. *DAIIE v. Spafford,* 76 Mich. App. 85, 255 N.W.2d 780 (1977); *Country Mut. Ins. Co. v. Nat. Bank of Decatur,* 109 Ill. App. 2d 133, 248 N.E.2d 299 (1969). The cases are distinguishable from the instant case. In neither case did the court refer to and attempt to distinguish a statutory provision which provided that errors of law are not a basis for setting aside an award of the arbitrators. In

*Evans Electrical Const. Co. v. University of Kansas Med. Center,* 230 Kan. 298, 307, 634 P.2d 1079 (1981), the Kansas Supreme Court, in taking cognizance of K.S.A. 5-412 ruled:

" 'Where parties have agreed to be bound by a submission to arbitration, errors of law and fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are insufficient to invalidate an award fairly and honestly made. Nothing in the award relative to the merits of the controversy as submitted, even though incorrectly decided, is ground for setting aside an award in the absence of fraud, misconduct or other valid objections.' [*Coleman v. Local No. 570,* 181 Kan. 969,] Syl. ¶ 4."

Hence, the legal and factual propriety, or correctness, of the arbitrators' decision in the present case is not before this Court.

Ziegler correctly notes that, since the evidence before the trial court was documentary in nature, this Court can interpret the documents as well as could the trial court. *Bradley v. Estate of Jackson,* 1 Kan. App. 2d 695, 696, 573 P.2d 628 (1977). It does not appear, however, that all of the documents presented to the trial court are available for this Court to review. While the record is not so inadequate as to preclude all review in this case, there are significant gaps in the record which will preclude a review of certain of Ziegler's claims of error.

Ziegler contends that the arbitrators exceeded their authority in refusing to continue the arbitration proceedings until all claims were mature for a final determination. K.S.A. 5-412(a)(4) provides that an award shall be vacated when the arbitrators refuse to postpone the hearing when sufficient cause to do so has been shown. Ziegler alleges that it requested a continuance of the arbitration proceedings until the liquidated damage claims could mature. The problem is that the record on appeal fails to demonstrate that such a request was made. There are no documents reflecting such a request, and, since Ziegler has insisted that it need not provide this Court with the transcript of the arbitration proceedings, it is not possible to determine if such a request was orally made. True, Ziegler did argue before the trial court that the arbitrators erred in denying a continuance, and such allegations are contained in appellant's briefs. Neither counsel's argument before the trial court nor the assertions in the appellate briefs constitute evidence or satisfy the inadequacy of the record on appeal. *Timmermeyer v. Brack,* 196 Kan. 481, 483-84, 412 P.2d 984 (1966). Since Ziegler has failed to provide an adequate record to substantiate its claim of error, the claim

must fail. *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, 602, 647 P.2d 1268 (1982).

Ziegler argues that the arbitrators exceeded their powers by failing to render a final award on the District's claim for liquidated damages. The arbitrators awarded the District $29,250 as liquidated damages for the period between March 21, 1982, and July 17, 1982, but did not award the damages "which may be assessable" after July 17, 1982.

It is the general rule that, to be valid, an arbitration award must be a full and final disposition on all points submitted. *Clark v. Goit*, 1 Kan. App. 345, 41 Pac. 214 (1895); 5 Am. Jur. 2d, Arbitration and Award §§ 141-142; 6 C.J.S., Arbitration § 111. An arbitration award is final when it conclusively determines the matter submitted, leaving nothing to be done but to execute and carry out the terms of the award.

The Court notes that the cases upon which Ziegler relies in its position are factually distinguishable. In *Stix and Co., Inc. v. Schoor*, 579 S.W.2d 160 (Mo. App. 1979), the award expressly stated that the arbitrators were ruling on but one of three issues submitted and were directing the parties to pursue other remedies on the unresolved issues. *Derrick v. Compton*, 249 S.C. 402, 154 S.E.2d 573 (1967), involved the arbitrators' failure to rule on an issue. These cases have no application to the issue of the assessment of future damages.

It is obvious that, at the time of the arbitration proceedings, the number of days for which liquidated damages would be assessed against Ziegler could not be determined. A similar issue was presented in *Coleman v. Local No. 570*, 181 Kan. at 981-82. Coleman contended that the arbitration award was defective because it did not designate the period of time over which the employees' average bonus earnings which had been awarded were to be computed. This claim was rejected by our Supreme Court.

Other jurisdictions have recognized that an award is sufficiently final if the arbitrators have ruled upon all issues which are in a condition to be considered at the time of the submission. *Leavenworth & Son, Inc. v. Kimble*, 157 Miss. 462, 128 So. 354 (1930); *Martin v. Winston*, 181 Va. 94, 23 S.E.2d 873, *cert. denied* 319 U.S. 766 (1943); 6 C.J.S., Arbitration § 111. It has also been held that an award is sufficiently final when only a mathe-

matical calculation is required for its implementation. *Matter of Hunter v. Proser,* 298 N.Y. 828, 84 N.E.2d 143 (1949). In 5 Am. Jur. 2d, Arbitration and Award § 141, the matter is stated as follows:

"An award should be certain and must leave open no loophole for future disputes and litigation; when it is incomplete, uncertain, and indefinite it cannot be sustained. Technical and critical nicety is not required, however; reasonable certainty is sufficient.

"In determining the certainty of an award the same rules apply as in determining the meaning of a court order, and the entire record, including the submission and court records, in case the arbitration results from reference, may be examined. The award will be construed as a whole, and if in this light it is definite and certain, it will be valid in spite of vagueness and uncertainty in different parts when read by themselves. . . . The requirement of certainty also extends to the subject matter of the award. Thus . . . if payment of money is directed, the amount must be ascertainable."

In the instant case, the arbitrators found that the liquidated damages were reasonable and commensurate with the actual damages sustained by the District due to Ziegler's unreasonable delay. An award is to be construed "so as to put one consistent sense on all terms." Applying that rule of construction to the award before the Court, we hold that the award for future liquidated damages, being ascertainable by a simple mathematical computation, is a final award, and the District is entitled to liquidated damages in an amount to be determined by multiplying $250 by the number of days it took to complete the construction.

Ziegler argues that the arbitrators exceeded their authority in apportioning the liquidated damage award. It is a general rule that liquidated damages cannot be apportioned when both parties are mutually responsible for a delay in completing a contract. 22 Am. Jur. 2d, Damages § 233. Again, there is no evidence to support Ziegler's claim that the District was responsible for the delay in furnishing water, or that the District was even responsible for furnishing water. Ziegler's failure to provide an adequate record precludes a review of this factual question. The arbitrators found that it was drought, not the conduct of the District, which made water unavailable to Ziegler, thus justifying the postponement of the completion date for the purpose of assessing liquidated damages. Since there is no basis for holding the District was in any way responsible for the delay, the rule Ziegler seeks to invoke is inapplicable.

Were the award improperly apportioned as to liquidated damages as Ziegler contends, it would nevertheless be valid and could not be vacated. This Court must remember that "the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." K.S.A. 5-412(*a*).

Ziegler further argues that the arbitrators exceeded their authority by usurping a judicial function because only courts are empowered to interpret liquidated damage clauses. This claim correctly asserts that there are significant public policy considerations involved in determining whether a purported liquidated damage clause is valid or is an unenforceable penalty. *U.S.D. No. 315 v. DeWerff,* 6 Kan. App. 2d 77, 626 P.2d 1206 (1981).

The parties are in dispute as to whether Ziegler's participation in the arbitration of the liquidated damage claim precludes it now from asserting that that issue was not arbitrable. The general rule is that, in the absence of an objection, a party who participates in an arbitration hearing on the merits of an issue waives his right to subsequently challenge the arbitrability of the issue. Annot., Waiver of Arbitrability, 33 A.L.R.3d 1242, § 2(a); 6 C.J.S., Arbitration § 92. There is no evidence that Ziegler objected to the arbitrability of this issue at the arbitration hearing.

This Court need not, however, decide whether Ziegler waived its claim of nonarbitrability. The record here presents no indication that the claim was presented to the district court. Ziegler cites a New York case, *Niagara Wheatfield Assn.,* 44 N.Y.2d 68, 375 N.E.2d 37 (1978), for the proposition that public policy questions can be raised for the first time before an appellate court. While the citation appears to be a tacit admission that the issue was not presented to the district court, it serves no purpose to Ziegler. New York may allow public policy considerations to be raised for the first time on appeal. Kansas does not. *In re Estate of Brown,* 189 Kan. 193, 199, 368 P.2d 27 (1962). Ziegler's public policy arguments are lost to the rule that a point not raised before the trial court may not be raised for the first time on appeal. *Lantz v. City of Lawrence,* 232 Kan. 492, 500, 657 P.2d 539 (1983).

Finally, Ziegler contends that the district court erred in retaining jurisdiction over future liquidated damages, alleging that the ruling deprived it of its right to submit questions concerning

such damages to arbitration. This Court has concluded that the arbitrators' award is a final order, requiring only a finding of the number of days for which liquidated damages at a rate of $250 per day are assessable against Ziegler. Ziegler's contention is without merit since there is nothing left to arbitrate and Ziegler's right to enforce the arbitration clause has not been prejudiced.

The judgment of the district court is affirmed.