(770 P.2d 490)

No. 62,242

GUILLERMO RAMIREZ, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*.

Opinion filed March 10, 1989.

*Brian Cox*, of Kansas Department of Revenue, for appellant.

*William T. Smith*, of Mission, for appellee.

Before ABBOTT, C.J., BRAZIL and RULON, JJ.

BRAZIL, J.: Kansas Department of Revenue (Department) appeals a Johnson County District Court decision holding that Guillermo Ramirez, after initially refusing a breath test to determine the presence of alcohol, should have been given every reasonable opportunity to take the test. This included the officer asking him a second time if he would like the opportunity to take the test. The Department also argues that the district court considered issues outside of those designated in the pretrial order and issues not raised in the administrative revocation hearing. We reverse.

While driving his car, Ramirez was stopped by police officers for several traffic violations, given several field sobriety tests, subsequently arrested for suspicion of driving under the influence of alcohol (DUI), and escorted to the police station and asked to take a breath test to determine the presence of alcohol. An officer read the warnings on the implied consent form to Ramirez and attempted to hand him a written copy of the warnings. Ramirez, who was very upset, refused to take the breath test.

Approximately one-half hour later, Ramirez calmed down. At that point, the officer asked Ramirez if he wanted to again try the tests that he had performed on the sidewalk. The officer was referring to the field sobriety tests. Ramirez responded: "Well, I

don't know. I'm in so much trouble right now, it doesn't make any difference, does it? I mean, with you guys?" The officer did not ask Ramirez a second time to take the breath test. Ramirez did not request an opportunity to take the breath test.

Ramirez's driver's license was suspended because of his refusal to take the breath test. Ramirez appealed from the administrative decision to the district court, alleging that his breath test refusal was reasonable. A jury found for the Department. A motion for new trial was granted because of the admission of prejudicial testimony regarding the field sobriety tests. In a bench trial, the judge ruled that Ramirez should have been afforded every reasonable opportunity to take the breath test pursuant to *Standish v. Department of Revenue,* 235 Kan. 900, 683 P.2d 1276 (1984). The judge ruled that, after Ramirez had calmed down, the officer should have asked him a second time if he would like to take the breath test. Accordingly, the trial judge vacated the administrative suspension order.

1.  Exhaustion of Administrative Remedies.

The Department argues that Ramirez did not raise the issue of whether he received adequate warnings and opportunities to take the breath test in the administrative revocation hearing and that Ramirez was barred from raising those issues in the district court. The Department bases the argument on *Angle v. Kansas Dept. of Revenue,* 12 Kan. App. 2d 756, 758 P.2d 226 (1988). In *Angle,* this court held that de novo review in the district court of an administrative driver's license revocation case must be limited to review of the issues raised in the administrative hearing. 12 Kan. App. 2d at 763-65.

The record does not include the hearing notes from the administrative revocation hearing. Without reviewing the notes, it is impossible for this court to determine what issues were raised in the administrative hearing. The notes were requested but are not available. This court has held that the "[a]ppellant must designate an adequate record on appeal to substantiate contentions made to the appellate court. Without such a record, claims of alleged error must fail." *Rural Water Dist. No. 6 v. Ziegler Corp.,* 9 Kan. App. 2d 305, Syl. ¶ 4, 677 P.2d 573, *rev. denied* 235 Kan. 1042 (1984). Accordingly, since the hearing notes are unavailable, the Department's argument must fail.

2.  Pretrial order.

A pretrial order was filed before the first trial. The court noted that Ramirez's trial theory was that "he was not sufficiently and adequately advised according to Kansas law of his failure to take said [breath] test." The Department argues that the district court erred in considering whether Ramirez was given every reasonable opportunity to take the test because this issue was outside of the issues delineated in the pretrial order. The Department's argument is not persuasive.

K.S.A. 1988 Supp. 60-216(a) grants the district court the authority to enter a pretrial order which "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." The Kansas Supreme Court has instructed that pretrial orders are to be construed liberally, and that the trial court has broad discretion to modify pretrial orders. *Black v. Don Schmid Motor, Inc.*, 232 Kan. 458, 469, 657 P.2d 517 (1983). "Discretion is abused only when no reasonable man would take the view adopted by the trial court." *State Farm Fire & Cas. Co. v. Liggett*, 236 Kan. 120, 124, 689 P.2d 1187 (1984).

In this case, the issue in the pretrial order was whether Ramirez was sufficiently advised according to Kansas law with regard to the consequences of his failure to take the breath test. K.S.A. 1988 Supp. 8-1001(f) instructs the police officer as to the oral and written warnings that must be given to a person arrested for DUI. In addition, *Standish v. Department of Revenue*, 235 Kan. at 902, instructs that in certain circumstances a person arrested for DUI may rescind a prior refusal to take a chemical test to determine the alcohol content of the blood. Whether *Standish* requires a police officer to ask a DUI suspect more than once if that person would like to take the test or inform the person that he may rescind a prior refusal are legitimate issues which are entangled with the broad question of whether Ramirez was adequately advised of his rights under Kansas law. In view of the liberal construction given to pretrial orders, and the broad discretion district courts have in interpreting pretrial orders, this court finds that the district court did not abuse its discretion in considering whether Ramirez had been afforded every reasonable opportunity to take the breath test.

In this case, the district court determined that *Standish v. Department of Revenue*, 235 Kan. 900, required the officer in

charge to give Ramirez every reasonable opportunity to submit to a breath test. The court ruled the officer should have asked Ramirez a second time to take a breath test.

K.S.A. 1988 Supp. 8-1001 governs chemical testing. The statute provides that any person who operates a motor vehicle in Kansas has given consent to submit to a test to determine the presence of alcohol. The statute requires the police officer requesting the test to inform the person being tested orally and in writing of the consequences of taking or refusing a test. Refusal to submit to the test will result in a suspension of driving privileges for at least 180 days. In this case, the police officer complied with the procedure required by K.S.A. 1988 Supp. 8-1001.

In *Standish v. Department of Revenue*, 235 Kan. 900, the court held that a driver may rescind his original refusal to take a breath test and, under certain circumstances, should be allowed to subsequently submit to the test.

In *Standish*, the driver was stopped, given a field sobriety test, and then was asked to take a breath test, which he refused. The driver was taken to the police station and then to jail. Approximately 15 to 30 minutes after being left in jail, the driver asked if it was too late to take the test. The Supreme Court held that the request, according to the guidelines stated in the opinion, was too late and that the driver was not entitled to a subsequent opportunity to take the test. 235 Kan. at 903.

In this case, Ramirez did not request to take the breath test after his initial refusal. Ramirez did respond to the police officer's question of whether he would like to try the sobriety test again by saying, "Well, I don't know. I'm in so much trouble right now, it doesn't make any difference, does it? I mean, with you guys?" This statement cannot be interpreted as a request to take the breath test. *Standish*, from our reading of the opinion, requires a specific request by the driver to take the breath test. It further provides:

"[W]hen an officer in making a DUI arrest gives the suspect the *Miranda* warnings, he or she should also tell the person arrested:

'Kansas law provides that a person who drives a motor vehicle shall be deemed to have given consent to submit to a chemical test of breath or blood, to determine the alcoholic content of the person's blood, whenever the person is arrested or taken into custody for operating a motor vehicle while under the influence of alcohol.

'Your right to consent or refuse to take a chemical test is not a constitutional right. You have no constitutional right to consult with an attorney as to whether or not you will take the test.'

"Also, and although not required to do so by our earlier cases, the officer could well add:

'If you refuse to take the test, the fact of your refusal can be used against you in any trial for driving under the influence of alcohol.

'Also, if you refuse to take the test, your driver's license will probably be suspended for a period of not less than 120 days and not more than one year.'" 235 Kan. at 904-05.

*Standish* does not require a police officer to inform a driver that he may decide to take a breath test after the driver has initially refused to do so.

In 1985, 1986, and 1988, subsequent to the *Standish* decision, the Kansas Legislature amended K.S.A. 8-1001, requiring that a driver be advised orally and in writing of the information suggested by the court in *Standish*, and more, but 8-1001 does not require that a driver be informed of his right to take an alcohol content test after he has initially refused. "One of the more common rules of statutory interpretation is that the mention or inclusion of one thing implies the exclusion of others." *State v. Wood*, 231 Kan. 699, Syl. ¶ 3, 647 P.2d 1327 (1982). Because Ramirez initially refused the test and did not later request to take the test, the police officer was under no duty to give him a second chance to take the test.

Reversed and remanded with directions to enter judgment affirming the administrative suspension order.