NOT DESIGNATED FOR PUBLICATION

No. 118,102

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TIMOTHY J. HART,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JEROME P. HELLMER, judge. Opinion filed May 11, 2018. Affirmed.

*Roger D. Struble*, of Blackwell & Struble, LLC, of Salina, for appellant.

*Donald J. Cooper*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ARNOLD-BURGER, C.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: The Kansas Department of Revenue (KDOR) suspended Timothy J. Hart's driver's license after he refused to submit to testing following his arrest for driving under the influence (DUI). Hart appealed to the district court, and the district court affirmed. Hart appeals the district court's decision, arguing he rescinded his initial refusal by complying with a search warrant for a blood draw. We find no error and affirm the district court.

1

*Factual and Procedural Background*

The KDOR suspended Hart's driver's license for having refused to submit to testing following his arrest for driving under the influence. Hart appealed the suspension to the district court.

At the district court hearing, Trooper Cole McGee of the Kansas Highway Patrol testified he stopped Hart after he failed to stop before exiting a private driveway and later failed to use a turn signal. After completing a DUI investigation, McGee arrested Hart for driving under the influence. At the Ottawa County Jail, McGee gave Hart the implied consent advisory and asked him to submit to a test, though the record is not clear whether it was a breath test or a blood test. Hart refused, and McGee applied for a search warrant while Hart remained in custody. McGee testified he returned to the jail with a search warrant, presented the warrant to Hart, and asked if Hart was going to comply. McGee said Hart agreed, and McGee had a nurse draw Hart's blood.

According to Hart, McGee returned with the warrant and told Hart, "We can do this the hard way or the easy way." Hart presented his arm to the nurse and said, "Here you go." Hart also testified he was at the jail for several hours from the time he first arrived until he "was forced to draw blood." He later agreed, however, that the initial stop took place around 11 p.m. and the blood draw occurred at 1:44 a.m.

The district court found that Hart refused testing and he did not specifically rescind that refusal. The court pointed out that Hart had testified he was forced to have his blood drawn since McGee had obtained the warrant, thus, Hart did not voluntarily rescind his initial refusal. The district court affirmed the suspension of Hart's driver's license.

*Hart did not rescind his refusal.*

On appeal, Hart argues the district court erred by finding he did not rescind his refusal. He contends he verbally acknowledged he would consent to the blood draw and presented his arm to the nurse when McGee presented him with a warrant. He asserts this constitutes an effective rescission.

*Standard of Review*

This court reviews a district court's ruling in a driver's license suspension to determine whether it is supported by substantial competent evidence. Only when there is no factual dispute does this court exercise de novo review. *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 881, 281 P.3d 135 (2012). Here, the parties do not dispute the underlying facts relevant to the issue of rescission, so this court's review is unlimited. See *McIntosh v. Kansas Dept. of Revenue*, 291 Kan. 41, 43, 237 P.3d 1243 (2010).

*Rescission*

Neither party disputes Hart initially refused testing. Rather, the question is whether he rescinded that refusal. A driver may rescind an initial refusal to submit to evidentiary chemical testing by subsequent consent. *Standish v. Department of Revenue*, 235 Kan. 900, 902, 683 P.2d 1276 (1984). In *Standish*, the Kansas Supreme Court held that a driver's subsequent consent to testing is effective if it is made:

"(1) within a very short and reasonable time after the prior first refusal;
"(2) when a test administered upon the subsequent consent would still be accurate;
"(3) when testing equipment is still readily available;
"(4) when honoring the request will result in no substantial inconvenience or expense to the police; and

3

"(5) when the individual requesting the test has been in the custody of the arresting officer and under observation for the whole time since arrest." 235 Kan. at 902-03.

In addition to these enumerated factors, this court has also interpreted the *Standish* opinion as requiring a specific request from the driver to rescind his or her initial refusal. *Ramirez v. Kansas Dept. of Revenue*, 13 Kan. App. 2d 332, 335, 770 P.2d 490 (1989).

The facts of this case are similar to those in *Leister v. Kansas Dept. of Revenue*, No. 115,090, 2017 WL 947236 (Kan. App. 2017) (unpublished opinion). In *Leister*, Officer Walz obtained a warrant to draw Leister's blood after he refused to submit to an evidentiary breath test. 2017 WL 947236 at *2. Walz later testified before the district court that Leister complied with the warrant but did not communicate his consent other than silently offering his arm. Leister testified that after Walz presented him with the warrant, the nurse asked for his arm and he said, "Okay." 2017 WL 947236, at *3.

Applying *Ramirez*, the *Leister* court found that Leister had not rescinded his initial refusal because he did not make a specific request to take the test. The court explained,

"The mere fact that Leister did not physically resist the blood draw but simply presented his arm to the nurse so that blood could be seized in compliance with the search warrant was not a specific request to Officer Walz to rescind his initial refusal. It was acquiescence to the court order." 2017 WL 947236, at *8.

See also *Hammerschmidt v. Kansas Dept. of Revenue*, No. 111,377, 2014 WL 7571645 (Kan. App. 2014) (unpublished opinion) (finding that driver did not rescind test refusal by presenting arm for blood draw because he did not make specific request).

Here, Hart never specifically requested to rescind his initial refusal. Like *Leister,* he simply presented his arm to the nurse after McGee obtained and presented the search warrant. Hart testified that he was "forced" to have his blood drawn, and thus his own

testimony establishes he did not voluntarily submit to the test. Hart did not rescind his refusal by acquiescing to the court order.

Hart also argues issuance of a search warrant should not preclude rescission. He claims the State has the ability to coerce consent, and in his case, the search warrant was necessary to coerce his consent. Because he eventually consented to the search, he asserts he effectively rescinded his refusal.

Hart's argument misconstrues the significance of consent. Consent is an exception to the warrant requirement under the Fourth Amendment to the United States Constitution. *State v. Neighbors,* 299 Kan. 234, 239, 328 P.3d 1081 (2014). In the case of DUI investigations, the State may coerce consent to warrantless blood draws with the threat of civil penalties or evidentiary consequences. *Birchfield v. North Dakota*, 579 U.S. __, 136 S. Ct. 2160, 2187, 195 L. Ed. 2d 560 (2016). Once a search warrant has been obtained, however, consent is no longer at issue because the warrant requirement is fulfilled. Thus, Hart's "consent" to the blood draw after being presented with the search warrant is irrelevant.

Additionally, Hart's argument ignores the requirements of rescission. Even if he complied with the warrant, he did not specifically request to rescind his refusal as required by *Ramirez*. As such, the district court was right to find his rescission was not effective, and we affirm.

Affirmed.