No. 49,860

In the Matter of the Estates of KENNETH E. THOMPSON AND GERTRUDE THOMPSON, and GLENN B. THOMPSON, *et al., Appellants,* v. JAMES I. LANE, *Appellee.*

(601 P.2d 1105)

Opinion filed October 27, 1979.

*Robert K. Scovel,* of Scovel, Emert & Heasty, of Independence, argued the cause and was on the brief for the appellants.

*John M. Wall,* of Sedan, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from rulings of the district court setting aside a compromise settlement agreement on the ground of mutuality of mistake and overruling the appellants' motion for summary judgment. The settlement agreement stemmed from issues framed by the parties in probate proceedings initiated in the probate court in the estates of Gertrude Thompson, deceased, Kenneth E. Thompson, deceased, and an action filed in the

district court entitled "Glenn B. Thompson v. James I. Lane." For purposes of this appeal the three matters have been consolidated because the parties agree the issues in each case are common to those in the other cases and the decision herein would be dispositive of all issues involved. The appellants are heirs at law of Kenneth E. Thompson. The appellee is an heir at law of Gertrude Thompson and a beneficiary under the wills of both Kenneth and Gertrude. All of the parties have claimed an interest in all or part of both estates.

The litigation involves two estates. The first is that of Gertrude Thompson who died December 5, 1972, leaving a will dated December 19, 1968, in which she left a life estate in certain real estate to her husband, Kenneth, and the remainder to her nephew, James I. Lane, appellee herein. The residue of her estate was bequeathed by Gertrude to her husband, Kenneth. Gertrude's will was not found until June of 1974. On June 18, 1974, James I. Lane filed a petition in probate court to admit Gertrude's will to probate. In the meantime Kenneth Thompson and James I. Lane had reached an agreement for the sale of the real estate in which Gertrude had bequeathed a life estate to Kenneth. Determination of descent proceedings were instituted and concluded in which the probate court decreed that Kenneth was the sole heir at law of Gertrude.

Kenneth E. Thompson died on April 17, 1974, and a search for his will was made. No original will was found but a copy of a will was in the possession of the attorney who drafted it. On May 20, 1974, the appellee filed a petition in probate court to admit the copy of the will to probate. No notice of hearing was given to appellants who are the heirs at law of Kenneth. Counsel for appellee explains that one of the witnesses to the will was a nonresident and until arrangements were made to take her deposition no time for hearing on the petition to probate was fixed and thus no notice had been given. A deposition of the witness was subsequently taken without notice to the Thompson heirs.

On May 23, 1974, a petition was filed by one of the appellants, Glenn B. Thompson, for the appointment of an administrator of Kenneth's estate.

A hearing was had in which the probate court denied the petition for the appointment of an administrator and admitted the copy of the will to probate on the petition of appellee Lane. On

appeal, the order of the probate court was overruled by the district court for procedural reasons and the matter was remanded to probate court. At this juncture of the proceedings counsel commenced negotiations for a settlement of all matters in dispute.

Concerning the negotiations leading up to the settlement, the agreed statement of facts reads in pertinent part as follows:

"Negotiations were entered into by and between the counsel for all parties for the purpose of settling all claims and disputes concerning both the Kenneth E. Thompson estate and the Gertrude Thompson estate. Several letters were written between counsel and, on June 30, 1975, counsel for James I. Lane wrote counsel for the heirs of Kenneth E. Thompson a letter stating that all disputes could be settled by James I. Lane through the estate making payment to the heirs of Kenneth E. Thompson of the sum of $26,500, settling all disputes in both estates. A stipulation was entered into on July 16, 1975, which stipulation recited the order of the Probate Court admitting the last will and testament of Kenneth E. Thompson and denying the petition for the appointment of an administrator had been reversed and that the petition to admit to probate the last will and testament of Gertrude Thompson had been transferred to the District Court, that the heirs of Kenneth E. Thompson claimed an interest in and to all or a part of both estates, and that it was the desire of the parties to determine their respective interests and settle all issues. The inventory filed by James I. Lane in the estate of Kenneth E. Thompson, deceased, showed a total appraised value of $67,300.51. The heirs of Kenneth E. Thompson agreed to settle their respective claims to both estates for the sum of $26,500. In addition to the items set out in the inventory, the heirs of Kenneth E. Thompson were disputing a conveyance by Gertrude Thompson and Kenneth Thompson, her husband, Marjorie Brown Lane and Maurice Lane, her husband, quitclaiming unto Willa Brown as grantee certain real estate in Chautauqua County, Kansas, not contained in the inventory and appraisement in the estate of Kenneth E. Thompson. This deed was dated April 13, 1972, but was not filed of record until May 21, 1975, at 3:05 p.m., subsequent to Kenneth E. Thompson's death on April 17, 1974. A copy of the stipulation, petition for its approval, order approving settlement, and order appointing James I. Lane executor of the estate of Kenneth E. Thompson, are filed hereto and marked Exhibits 10, 11, 12 and 13.

"A check for $26,500 was delivered to the attorney for the heirs of Kenneth E. Thompson and, on the same date, to-wit, July 17, 1975, the heirs filed their disclaimer to the estate of Gertrude Thompson, deceased. (see Exhibit 14 attached hereto) And, on said date, James I. Lane was appointed executor and Letters Testamentary were issued to him.

"On July 18, 1975, the original last will and testament of Kenneth E. Thompson was found and payment upon the check drawn on the First National Bank of Sedan, Kansas, was stopped."

Appellee proceeded to file his petition for admission of the original will to probate and to set aside the settlement agreement and the order of the district court approving the same. The matter was submitted to the district court on an agreed statement of facts

and briefs of the parties. The district court found the settlement agreement should be set aside, announcing its findings as follows:

"That the compromised settlement entered into between the parties may be set aside by reason of mutuality of mistake. It is the Court's feeling that at the time of the settlement between the heirs of Kenneth E. Thompson and of James I. Lane, the parties were acting on the basis that the original Will had been lost or destroyed. This now by the occurrence of the finding of the original Will proves that the parties were both acting on a false and mutual mistake."

From this judgment the heirs of Kenneth Thompson have appealed.

Appellants frame their argument on appeal in two points: the trial court erred (1) in setting aside the agreement, and (2) in overruling their motion for summary judgment; however, the controlling issue presented is simply whether the agreement should have been set aside.

Before considering the arguments of the parties and the applicable law, we should first examine our scope of review. We have before us an agreed statement of the facts, with all pertinent documents attached. In such case our scope of review is broad. It is a rule of appellate review of long standing that where the controlling facts are based on stipulations and documentary evidence, this court has the same opportunity to, and may examine and consider the evidence as did the trial court. *Keeler Co. v. Atchison T. & S. F. Rly. Co.,* 187 Kan. 125, 354 P.2d 368 (1960); *Wallace v. Magie,* 214 Kan. 481, 522 P.2d 989 (1974); *Bradley v. Estate of Jackson,* 1 Kan. App. 2d 695, 696, 573 P.2d 628 (1977).

It is an elemental rule that the law favors compromise and settlement of disputes and generally, in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it. *Fieser v. Stinnett,* 212 Kan. 26, 509 P.2d 1156 (1973); *Elwood-Gladden Drainage District v. Ramsel,* 206 Kan. 75, 476 P.2d 696 (1970). However, as an exception to the rule it is well settled that a compromise settlement may be set aside on the ground of mutual mistake of the parties upon the establishment of certain prerequisite conditions. A number of decisions of this court dealing with the precise issue are reviewed in *Fieser v. Stinnett,* 212 Kan. 26, wherein we endorsed the general rule now stated in 15A Am. Jur. 2d, Compromise and Settlement § 33, p. 806. We quote in pertinent part:

"Since the parties assume the risk of mistake as to matters intended to be resolved by the compromise, a compromise and settlement is not defective merely because the parties were ignorant or mistaken as to the full extent of their rights. In order for a mistake to have legal significance and to constitute a basis for invalidating a compromise, it must be based upon the parties' unconscious ignorance; it must not relate to one of the uncertainties of which the parties were conscious and which it was the purpose of the compromise to resolve and put at rest. A person who enters into a compromise, consciously ignorant of a fact but meaning to waive all inquiry into it, is not mistaken, in the legal sense; in such a situation it is the intention of the parties to accept the consequences of uncertainty."

A careful reading of the settlement agreement and the agreed statement of facts in which the negotiations leading up to the agreement are set out convinces us that the parties clearly intended to resolve all disputes, not only with respect to Kenneth's estate but also as to Gertrude's estate and the peripheral issue concerning the land conveyance. It cannot be said that the parties here were unconsciously ignorant of the existence of an original will. They knew that a will had been written and executed. They were uncertain whether it had been revoked, destroyed, lost or merely mislaid. From the record, we are convinced the parties were fully conscious of these uncertainties. Although appellee was consciously ignorant of the fact that the original will might be found we believe the record clearly indicates that he intended to waive all inquiry into the matter and thus was not mistaken in a legal sense. In such a situation it was the intention of the parties to accept the consequences of uncertainty. Appellee undoubtedly believed that an original will would not be found or he would not have agreed to the settlement. He was mistaken in his belief as to this uncertainty but relief will not be granted for a mistake in prophecy, opinion or in belief relative to an uncertain event. *Fieser v. Stinnett,* 212 Kan. 26, Syl. ¶ 3; *McMillin v. Farmers & Bankers Life Ins. Co.,* 167 Kan. 502, Syl. ¶ 1, 206 P.2d 1061 (1949).

Under the stipulated facts herein, the compromise agreement in question may be considered a family settlement agreement. In this connection we have frequently stated that family settlement agreements are favorites of the law and when fairly made, are to be given liberal interpretation and should not be disturbed by those who entered into them or by those claiming under or through them. *Ortmann v. Kraemer,* 190 Kan. 716, Syl. ¶ 1, 378 P.2d 26 (1963); *Springer v. Litsey,* 185 Kan. 531, 535, 345 P.2d 669 (1959); *Brent v. McDonald,* 180 Kan. 142, Syl. ¶ 3, 300 P.2d

396 (1956). In the instant case there is no claim of fraud, misrepresentation, concealment or other inequitable conduct. In this connection we find this pertinent statement in 15A C.J.S., Compromise & Settlement § 36, p. 256:

"Family settlements are peculiarly within the protection of equity and will not be disturbed because of any ordinary mistake either of law or of fact, unless there are other equitable grounds for interference."

It is not difficult to understand why the appellee agreed to the settlement in dispute here. While he would take everything under the terms of Kenneth's will, he would take nothing under the laws of intestacy. As it is, under the settlement he takes a major share of the estate, without risk. There was considerable doubt whether the copy of the will would be admitted to probate as a lost will under the procedure set out in K.S.A. 59-2228. Where the facts disclose that a will, duly executed, was in the possession of the testator for some time immediately prior to his death and it cannot be found after his death, a rebuttable presumption arises that he did revoke the will or that he destroyed it with the intention of revoking it. *Churchill v. Dill,* 145 Kan. 306, 308, 65 P.2d 337 (1937); 79 Am. Jur. 2d, Wills § 606, p. 704. Appellee admits in his brief that this presumption would have made it difficult to get the copy of the will admitted to probate.

The original of the will has since been found. The district court concluded that the family settlement should be set aside on the basis of mutual mistake of fact. We disagree. In entering into the settlement the parties knew that the original will had not yet been found. They could not know what had happened to it; it might have been destroyed, by testator or someone else, intentionally or unintentionally. It might still have existed, yet been permanently lost, or it might have still turned up. It was the intention of the parties to accept the consequences of the uncertainty. The possibility the original will might be found was a risk appellee accepted when he entered into the settlement. The fact that now, with full benefit of hindsight, he would not agree to the settlement is no basis for setting it aside.

The judgment is reversed.

APPROVED BY THE COURT.

FROMME, J., not participating.