Ernest R. **WELBORN**, Plaintiff,

v.

**UNITED STATES** of America,
Defendant.

**Civ. A. No. 86–1856–T.**

United States District Court,
D. Kansas.

Feb. 9, 1990.

Jack Shelton, Wichita, Kan., for plaintiff.

Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the plaintiff's motion to enforce the settlement agreement. Dk. No. 92. The defendant filed an objection to plaintiff's motion. Dk. No. 93. The court held a hearing on January 12, 1990 and took the matter under advisement. The court has examined the applicable administrative regulations and case law and is now prepared to rule.

Plaintiff sued the United States under the Federal Tort Claims Act, 28 U.S.C. § 2674, for personal injuries he suffered due to the alleged negligence of employees of the Veteran's Administration (VA). Plaintiff subsequently added three other defendants. Plaintiff settled his claims against these other defendants in late 1988. Dk. No. 84–85. On March 28, 1989, the plaintiff and the United States entered into a settlement agreement. Since this settlement agreement is not a part of the court file, a copy of the agreement is attached hereto as Exhibit A. Pursuant to the parties' settlement, the United States agreed to pay the plaintiff the sum of $52,000.00 in full satisfaction of all claims against the United States arising out of the accident which gave rise to this action. The action was dismissed May 26, 1989. Dk. No. 91.

From the statements of counsel at the hearing, the court finds as follows. The plaintiff is disabled as a result of a non-service-related disability. As a veteran, the plaintiff is eligible to receive a VA pension in any year his income falls below a certain level. When the plaintiff's income falls below the threshold level, plaintiff receives monthly benefits apparently in an amount necessary to bring his income up to that threshold level. This particular VA pension program is, in reality, a welfare program for veterans suffering from non-service-related disabilities. Plaintiff last received benefits in 1988, in a monthly amount of $861.00.

Federal regulations govern eligibility for this pension program. To be eligible for pension benefits, the veteran's annual income must not exceed a certain level. Income is defined as payments of any kind from any source, unless specifically excluded. 38 C.F.R. § 3.271(a). Damages collected because of personal injury are considered income as received. *Id.* § 3.271(g). Medical, legal, or other expenses incident to the injury, or incident to the collection of the award or settlement, may be deducted. *Id.*

The parties understood that plaintiff would not be eligible for pension benefits in 1989, because his income, counting the net amount of his settlement with the United States, exceeded the threshold level. The dispute in this case arises out of plaintiff's settlement with the other three defendants in 1988. Plaintiff received a gross total of $20,000.00 from the other settling defendants. The net amount plaintiff received, which would normally be countable as income, is not before the court. Plaintiff did not report the net amount from the other defendants as income. If this income had been reported to the VA, plaintiff would have been ineligible for some or all of the pension benefits he actually received in 1988.

Plaintiff argues that as part of the settlement the VA agreed to overlook the income he received from his settlement with the other defendants. Under plaintiff's version of events, the VA would discontinue plaintiff's benefits for 1989, the year he received the $52,000.00 payment from the United States, but would not discontinue benefits for any other year.

The defendant argues that the written settlement agreement is to be enforced according to its terms. The settlement agreement makes no mention of overlooking the $20,000.00 amount plaintiff received as income in 1988. Considering the settlement funds as income, plaintiff received pension benefits in 1988 for which he was ineligible. The VA estimates that plaintiff received in excess of $6,000.00 in pension benefits for which he was not eligible.

When plaintiff again becomes eligible for pension benefits, the VA plans to exercise a total or partial offset against the monthly pension benefits until it recoups the overpaid benefits.

Plaintiff argued at the hearing that the parties had a separate oral agreement that the VA would overlook the settlement funds received in 1988. During settlement negotiations, the VA offered plaintiff $50,000.00 with the possibility that the VA would overlook the $20,000.00 plaintiff had received in 1988. In other words, plaintiff would not lose his benefits for 1988 as a result of the settlement. Plaintiff rejected this offer. At some later point in time, the parties agreed to settle the action for $52,000.00. The other alleged term (that the VA overlook the prior settlement amount) was not mentioned. This term was apparently never mentioned again following the first settlement offer of $50,000.00.

Absent fraud, bad faith, or mutual mistake, the court cannot set aside a written settlement agreement. *See In re Estate of Thompson*, 226 Kan. 437, 440, 601 P.2d 1105 (1979); *Rymph v. Derby Oil Co.*, 211 Kan. 414, 418, 507 P.2d 308 (1973). A settlement agreement must be construed in light of its language and the circumstances surrounding its making. *In re Estate of Engels*, 10 Kan.App.2d 103, 106, 692 P.2d 400 (1984). The settlement agreement provides that the parties agreed to compromise the action upon the terms indicated in the agreement. Exh. A, ¶ 1. The term proposed by plaintiff is not contained in the settlement agreement. The document is complete and unambiguous. There is no allegation of fraud or bad faith. If any mistake is present, it is on the part of plaintiff only. While the parties may have discussed the proposed term, there is no evidence that they agreed on it. The settlement agreement must be enforced as written.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion to enforce the settlement agreement (Dk. No. 92) is hereby denied.

EXHIBIT A

In the United States District Court

for the District of Kansas

No. 86–1856–T

Ernest R. Welborn, Plaintiff,

vs.

Invacare Corporation; Cleveland Machine Controls, Inc.; Rieger Medical Supply Co., Inc.; and United States of America, Defendants.

## STIPULATION FOR COMPROMISE SETTLEMENT

It is hereby stipulated by and between the plaintiff Ernest R. Welborn, and the defendant, the United States, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise the above-entitled action upon the terms indicated below.

2. The United States shall pay to the plaintiff Ernest R. Welborn the sum of Fifty–Two Thousand Dollars ($52,000.00), which sum shall be in full settlement and satisfaction of any and all claims said plaintiff now has or may hereinafter acquire against the United States on account of the accident on circumstances giving rise to this suit.

3. In consideration of this compromise settlement, plaintiff further agrees upon receipt of the sum of $52,000.00 to move to dismiss the action with prejudice and to release and discharge forever the United States from any and all claims, demands, rights and causes of action of whatsoever kind and nature arising out of or related to the subject matter of the above-entitled suit.

4. This agreement shall not constitute an admission of liability or fault on the part of the United States, or on the part of any of its agents and employees.

DATED: Mar. 28, 1989

(s)  Jack Shelton
JACK SHELTON
Wichita, Kan.
Attorney for Plaintiff

Stephen K. Lester
STEPHEN K. LESTER
Wichita, Kan.
Attorney for Defendant