Gail W. FERGUSON, d/b/a Ferguson Trucking and Hartford Accident and Indemnity Company, Plaintiffs,

v.

SCHNEIDER NATIONAL CARRIERS, INC., Defendant.

Civ. A. No. 92–2416–GTV.

United States District Court, D. Kansas.

July 8, 1993.

Mark C. Beam–Ward, Hill & Beam–Ward, Overland Park, KS, for plaintiffs.

Hal D. Meltzer, Gregory N. Pottorff, Turner & Boisseau, Chartered, Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case concerns a subrogation claim brought by plaintiffs pursuant to K.S.A. 44–504 for personal injuries and damages sustained by Mark Billingsley, an employee of the plaintiff Ferguson, in a collision allegedly caused by Stephon Scott, an agent of defendant. The case is before the court on defendant's Motion for Summary Judgment (Doc. 4). The motion has been responded to and opposed by the plaintiffs. For the reasons stated below, the motion is denied.

"Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Clemmons v. Bohannon,* 956 F.2d 1523, 1525 (10th Cir. 1992) (quoting Fed.R.Civ.P. 56(c)). The nonmoving party must produce "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting Rule 56(e)). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The court must consider factual inferences to tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

The facts of this case are for the most part uncontroverted. On September 17, 1990, a truck driven by Scott collided with a truck driven by Billingsley and owned by plaintiff Ferguson. Property damage to the Ferguson vehicle resulted, and defendant paid plaintiff Ferguson $4473.64. In consideration for that payment, plaintiff Ferguson executed a "Release of All Claims" which purported to release all of her present and future claims relating to the September 17, 1990, accident. At the time the release was signed and the money was paid, neither party knew that Mark Billingsley had sustained any personal injury in the accident.

Sometime after the release was signed, however, Mark Billingsley filed a claim for workers compensation against plaintiff Ferguson and her insurance carrier, plaintiff Hartford. Plaintiffs have paid benefits to Billingsley and may continue to be required to pay benefits to him on account of his injury. Plaintiffs filed this action in order to pursue their subrogation rights under the Kansas Workers Compensation Act. K.S.A. 44–504(c).

In its motion, defendant contends that it is entitled to summary judgment because plaintiff Ferguson signed a document titled "Release of All Claims" after the accident. The release was signed in conjunction with defendant's agreement to settle Ferguson's claim for property damage arising from the accident. Defendant argues that because the release purported to be a release of all present and future claims which Gail Ferguson had or may have had against defendant, defendant is released from any liability to Gail Ferguson on the present claim. Defendant

contends the release is also effective as to Ferguson's insurance carrier Hartford.

In her response, Ferguson argues that the release is invalid due to mutual mistake of the parties. She contends that neither party knew of the existence of any personal injury sustained by Mark Billingsley at the time they signed the release. Plaintiff further argues that the boiler plate language in the release concerning future claims is insufficient to overcome the doctrine of mutual mistake as recognized in Kansas.

■■■ The law favors compromise and settlement of disputes, and generally, in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it. *In re Estate of Thompson,* 226 Kan. 437, 440, 601 P.2d 1105 (1979). However, the weight of authority is that a release of claims for personal injuries may be avoided on grounds of mutual mistake of the parties at the time of signing the release as to the nature and extent of injuries. Michael A. DiSabatino, Annotation, *Mistake as to Injury—Avoidance of Release,* 13 A.L.R. 4th 686, 691 (1982). Kansas is among the states which recognize that mutual mistake as to a material past or present fact may be grounds for invalidating a release. *Dorman v. Kansas City Terminal Ry. Co.,* 231 Kan. 128, 132, 642 P.2d 976 (1982); *Farmers Mutual Automobile Ins. Co. v. Buss,* 188 F.Supp. 895, 897–98 (D.Kan.1960), *appeal dismissed,* 291 F.2d 752 (10th Cir.1961). Kansas is also among the states where language in a release which purports to relinquish unknown claims as well as known claims is not viewed as conclusive on its face. *Farmers Mutual Automobile Ins. Co.,* 188 F.Supp. at 898–99; DiSabatino, *supra,* at § 6(b).

■■ In order for the doctrine of mutual mistake to apply to invalidate a release, the mutual mistake must be more than a mere mistake of opinion, prophecy, or belief. *See Fieser v. Stinnett,* 212 Kan. 26, 33, 509 P.2d 1156 (1973). The mistake must be based on the parties' unconscious ignorance. *In re Estate of Thompson,* 226 Kan. at 441, 601 P.2d 1105 (quoting 15A Am.Jur.2d, Compromise and Settlement § 33, p. 806). Further, " '[a] person who enters into a compromise,

consciously ignorant of a fact but meaning to waive all inquiry into it, is not mistaken, in the legal sense; in such a situation it is the intention of the parties to accept the consequences of uncertainty.' " *Id.*

In the present case, the court is faced with the issue of whether the parties were mutually mistaken as to the existence of any personal injuries sustained by Mark Billingsley, and whether the parties intended that plaintiff should waive all claims for any such unknown injuries through the release signed. The issue of mutual mistake is normally a question for the trier of fact. *Fieser,* 212 Kan. at 28, 509 P.2d 1156. Moreover, plaintiff contends that she did not intend to waive any unknown claims arising from personal injuries not yet surfaced, while defendant contends that the parties did bargain for and did intend to settle all claims, known or unknown, arising from the accident.

The court concludes that the issues of whether there was mutual mistake as to the existence of Mark Billingsley's personal injuries and whether the parties bargained for a release of all unknown claims are genuine issues of material fact for a jury to decide. *See Williams v. Glash,* 789 S.W.2d 261 (Tex. 1990) (genuine issue of fact precluded entry of summary judgment where neither party knew of existence of personal injury, amount of consideration received in exchange for release was exact amount of property damage, and only evidence that parties intended to release claim for unknown injuries was boilerplate language in release itself). Defendant's motion is therefore denied.

IT IS THEREFORE ORDERED that defendant's Motion for Summary Judgment (Doc. 4) is denied.

**IT IS SO ORDERED.**