**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ADVANTAGE PROPERTIES, Inc.,

  Plaintiff-Appellant,

v.

COMMERCE BANK, N.A.,

  Defendant-Appellee.

No. 00-3014
(D.C. No. 99-CV-1078-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK, ANDERSON,**   and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Plaintiff-appellant Advantage Properties, Inc. (Advantage) appeals the

district court's order enforcing the settlement agreement entered into by

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Advantage and defendant-appellee Commerce Bank (Commerce). We have jurisdiction pursuant to 28 U.S.C. § 1291, and following our review of the parties' briefs and the appellate record, we affirm.

## I. Background

On March 1, 1999, Advantage, a minority-owned construction company, filed a complaint against Commerce alleging racial discrimination in violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, and the Kansas Consumer Protection Act (KCPA), Kan. Stat. Ann. § 50-623. The complaint alleged that Commerce placed more stringent requirements on Advantage prior to closing a loan than those required of nonminority applicants.

Commerce moved to dismiss Advantage's KCPA claims, alleging that because the statute only applies to "individual[s] or sole proprietor[s]," Advantage failed to state a claim for relief. *Id.* § 50-624(b). Advantage subsequently moved to join Gregory Barnes, its president and sole stockholder, as a necessary party. In recommending that Commerce's motion to dismiss be granted and the joinder motion be denied, the magistrate judge agreed with Commerce that, as a corporate entity, Advantage could not assert a claim under the KCPA. *See Wayman v. Amoco Oil Co.*, 923 F. Supp. 1322, 1363 (D. Kan. 1996) (holding that "a corporation or similar entity that has suffered an injury as a

result of a 'deceptive' or 'unconscionable' act or practice cannot assert a claim under the KCPA"). When Advantage did not file objections to the magistrate judge's report and recommendation, the district court adopted it as its own.

The parties entered mediation and reached an oral settlement agreement. When Advantage refused to sign the written agreement, Commerce moved the district court to enforce the agreement, counsel for Advantage moved to withdraw, and the matter was set for hearing on November 15, 1999. At the hearing, Advantage requested a continuance in order to obtain new counsel. The district court granted the continuance, reset the hearing for December 13, 1999, and directed new counsel for Advantage to enter an appearance on or before November 30, 1999.

At the December 13th hearing, Advantage, represented by Barnes, appeared with new counsel retained the day before. New counsel for Advantage was from Oklahoma and was not admitted to practice in Kansas district courts. He requested a continuance in order to complete the admission process, review the case, and prepare for hearing. The court agreed to another continuance conditioned upon Advantage's willingness to pay the expenses of the participants and witnesses who had traveled from Kansas City to Wichita for a second hearing, an amount approximated at between $3,000 and $4,000. When Barnes advised the court that Advantage could not afford to pay these expenses, the court denied the

continuance and scheduled the hearing to go forward later that same day. Following testimony by the Commerce representative, the mediator, and former counsel for Advantage, the court enforced the settlement and ordered Barnes to sign the settlement check on behalf of Advantage.

Advantage states its issues on appeal as: (1) whether the district court lacked subject matter jurisdiction over Gregory Barnes, individually; (2) whether there was evidence that Advantage intended to make Barnes a party to the settlement agreement; (3) whether there was a meeting of the minds as to the release of Barnes' individual claims; (4) whether the district court's denial of a second continuance violated Advantage's due process rights; and (5) whether there was inferred fraud, duress, undue influence, or mistake in the inducement in the settlement agreement.

## II. Discussion

The trial court's enforcement of a settlement agreement is reviewed by this court for an abuse of discretion. *See United States v. Hardage*, 982 F.2d 1491, 1495 (10th Cir. 1993). Issues involving the formation, construction and enforceability of a settlement agreement are resolved by applying state contract law. *See Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996); *Central Kan. Credit Union v. Mutual Guar. Corp.*, 886 F. Supp. 1529, 1537 n.2 (D. Kan. 1995).

Kansas law favors agreements executed in the compromise and settlement of disputes. *See Ferguson v. Schneider Nat'l Carriers, Inc.*, 826 F. Supp. 398, 400 (D. Kan. 1993). "[I]n the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." *Id.*

In the settlement agreement at issue here, the parties allegedly agreed that all claims that "were, or could have been, asserted by ADVANTAGE and/or BARNES against COMMERCE" were settled in exchange for a cash payment of $20,000 to be split evenly between Advantage and its counsel. Appellant's App. at 48. In addition, Commerce agreed to provide Advantage with a satisfaction of judgment in its suit against Lucky 7 Payday Loan, Inc., another corporation owned by Advantage. *See id.*

Initially, Advantage argues that because the district court denied its motion to join Barnes as a party, the district court had no jurisdiction to enforce a settlement agreement that purported to dispose of Barnes' individual claims against Commerce. A party must support its argument with legal authority. *See Primas v. City of Okla. City*, 958 F.2d 1506, 1511 (10th Cir. 1992) (holding that a party has a duty to cite authority for any argument raised). Because Advantage fails to cite this court to any authority for its contention, and because in our research we could find none, we consider the issue insufficiently developed to

invoke appellate review. *See United States v. Hardwell*, 80 F.3d 1471, 1492 (issue is waived when party fails "to make any argument or cite any authority to support his assertion"), *reh'g granted in part on other grounds*, 88 F.3d 897 (10th Cir. 1996).

Second, Advantage asserts that there was no evidence establishing that it intended to release Barnes' individual claims in the settlement agreement. Advantage argues that because Barnes was not allowed to join as a party, his individual claims were "carved out" of the settlement agreement, and because Commerce objected to Barnes appearing on behalf of Advantage at the hearing, it recognized that Barnes was not a party to the action. Appellant's Br. at 20. Advantage concludes that this supports its argument that Barnes did not intend to release his individual claims. This argument is both convoluted and specious.

Although Barnes was not a party to the lawsuit except in his capacity as representative of Advantage, he certainly was a party to the settlement agreement. If he desired to preserve his individual claims, he could have raised that issue for negotiation during the mediation. There was no indication in the testimony of the witnesses at the hearing, however, that Barnes sought to release only the claims of the corporation. In fact, all of the witnesses testified that the terms of the written agreement reflected the parties' agreement following mediation. Further, the district court offered Barnes ample opportunity to question the witnesses and

challenge their testimony regarding the terms of the agreement, an offer he declined.

Next, Advantage asserts that there was no meeting of the minds as to the terms of the settlement agreement releasing Barnes' individual claims. *See Albers v. Nelson*, 809 P.2d 1194, 1198 (Kan. 1991) ("In order to form a binding contract, there must be a meeting of the minds on all essential elements."). Advantage contends that the testimony at the hearing proved that it never intended to release Barnes' individual claims. We do not agree.

Under Kansas law, when a dispute arises as to the terms of a settlement agreement, "the agreement 'must be construed in light of its language and the circumstances surrounding its making.'" *Central Kan. Credit Union*, 886 F. Supp. at 1538 (*quoting In re Estate of Engels*, 692 P.2d 400, 404 (Kan. Ct. App. 1984)). "Once it is shown that an attorney has entered into an agreement to settle a case, a party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given." *Turner v. Burlington N. R.R.*, 771 F.2d 341, 345-46 (8th Cir. 1985). The written agreement reflects the parties' intent to end all litigation arising out of Advantage's attempt to obtain the loan from Commerce. The agreement does not contain any language reflecting an intent to reserve Barnes' right to institute any further litigation.

Here, both Advantage's former attorney and the Commerce representative testified that the terms of the agreement were those agreed upon at the mediation conference. *See* Appellant's App. at 88-90. Because Advantage did not meet its burden of proving an intent different than that reflected in the written agreement, the court was correct in enforcing the agreement as written. *See In re Estate of Engels*, 692 P.2d at 404 ("In the absence of language to the contrary, it must be presumed the parties intended to settle the entire dispute."). To do otherwise would have given the parties' agreement the unreasonable effect of allowing Advantage to take advantage of the favorable terms of the agreement while allowing Barnes to relitigate the same issues in the future.

Advantage's fourth issue claims that the district court's denial of a second continuance was a violation of its due process rights. We review the district court's denial of a continuance "under the standard of arbitrary abuse of discretion, upon a showing of manifest injustice." *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1229 n.4 (10th Cir. 1999) (quotation omitted). We will not reverse the court's decision on a continuance "unless we conclude that the denial was arbitrary or unreasonable and materially prejudiced the appellant." *Id.* (quotation omitted).

When determining whether the denial of a continuance is unreasonable or arbitrary, we look to several factors, including:

-8-

"[1] the diligence of the party requesting the continuance; [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [4] the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance."

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (*quoting United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).

The district court clearly informed Advantage that it needed to have new counsel enter an appearance on or before November 30, 1999, and that the hearing would go forward on December 13, 1999, without further continuance. Advantage not only failed to obtain counsel within the court's time restraints, it requested an additional continuance while being aware that the court had specifically stated no further continuances would be granted. Despite the court's clear pronouncement on further continuances, it did offer Advantage another continuance conditioned upon Advantage's agreement to reimburse the hearing participants for their time and expenses. Advantage declined this offer. Furthermore, Advantage made no showing as to how a continuance would have accomplished its goals. The third factor, inconvenience to the parties and witnesses, was stressed by the court as several participants, including counsel for Advantage, had come from Kansas City at considerable expenditure of time and money. Although Advantage asserts that the continuance was necessary to give

-9-

its new counsel an opportunity to prepare for hearing, it fails to advise us how further preparation would have affected the outcome of the hearing. Therefore, we conclude that the district court's denial of a second continuance was well within the proper exercise of the court's discretion.

Although Advantage frames its final issue as asserting that it was under duress and undue influence in agreeing to the terms of the settlement, its argument appears to have little to do with duress or undue influence. The Kansas Supreme Court has held that whether facts offered in a particular case "are sufficient to constitute duress is a question of law" and that "[t]o constitute duress there must be a wrongful act or wrongful threat which compels apparent assent by another to a transaction without his volition." *Hastain v. Greenbaum*, 470 P.2d 741, 746 (Kan. 1970) (quotation omitted). Duress cannot be found where the claiming party had the opportunity to reflect and had the benefit of counsel. *See id.* at 748; *see also White v. General Motors Corp.*, 908 F.2d 669, 673 (10th Cir. 1990) (applying Kansas law to a determination of the existence of duress).

Advantage does not identify any word or deed by any party to the agreement or counsel which would fit within this definition of duress. The thrust of its argument centers on its belief that its counsel did not adequately prosecute

its motion to join Barnes as a party. [1] Whether counsel's advocacy of this motion was adequate may or may not be adequate basis for a claim against counsel, but it does not rise to the level of duress or undue influence. Advantage's remaining arguments on this issue are equally as unpersuasive.

## III. Conclusion

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Hardage*, 982 F.2d at 1496. Here, because there was a dispute as to the terms of the agreement, the district court held an evidentiary hearing as required. *See id.* In so doing, the court was generously indulgent, giving Advantage every opportunity to be adequately represented and to state its position and offer its evidence. Advantage failed to avail itself of these opportunities.

The record indicates that the parties entered into settlement negotiations in good faith, and in reaching an agreement, Advantage had representation and the benefit of counsel. All Barnes offered at the hearing was an expression of displeasure with the terms of the agreement. Even if we were to conclude that

---

[1] We note that in its brief Advantage, citing to the record, states that its former counsel admitted that the motion to join Barnes "was not well prosecuted." Appellant's Br. at 27. We have read the hearing transcript carefully and can find no instance where counsel made such an admission. In this light, we caution counsel regarding taking undue liberties with representations of the record.

this constituted conflicting evidence, the other evidence amply supports the district court's factual finding that there was a meeting of the minds as to the terms of the agreement and that the parties entered into a valid oral contract to settle the action. In this light, the court's finding was not clearly erroneous, *see* Fed. R. Civ. P. 52(a) and its order to enforce the contract as written was not an abuse of discretion, *see Hardage*, 982 F.2d at 1495.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge