(63 P.3d 1119)

No. 89,025

JASON F. FERGUSON, *Appellant*, v. SHANE A. "ANDY" SMITH and STATE FARM AUTOMOBILE INSURANCE COMPANY, *Appellees*.

Opinion filed February 28, 2003.

*Paul D. Post*, of Topeka, for the appellant.

*William A. Larson*, of Gehrt & Roberts, Chartered, of Topeka, for the appellees.

Before MARQUARDT, P.J., LEWIS and PIERRON, JJ.

PIERRON, J.: Jason F. Ferguson filed this interlocutory appeal from the district court's decision granting summary judgment to State Farm Automobile Insurance Company (State Farm) on his breach of contract claim. We affirm.

Ferguson, Curtis Brading, and Shane Smith were involved in a single car accident in a vehicle owned by Smith's parents. State Farm was the liability carrier on the Smith car. Fifteen-year-old Ferguson, who claimed to have no memory of the accident, sustained injuries as a result of it. Smith and Brading informed police that Smith had been driving the vehicle. Smith also told State Farm claims specialist Ted Ash that he was the driver.

State Farm agreed to settle Ferguson's claim for $75,000, subject to approval of the court in a "friendly" hearing. However, prior to any action being filed, State Farm learned from Smith's father that Ferguson, not Smith, had been driving the car when the accident occurred. Smith and Brading had originally told police that Smith was the driver because they did not want Ferguson to get in trouble for driving without a license. Subsequently, State Farm withdrew its offer to settle the claim based on the fact that it was Ferguson's own negligence which caused the accident.

Thereafter, Ferguson filed a combined tort/breach of contract claim against State Farm and Smith, alleging (1) negligence against Smith, (2) breach of contract against State Farm, and (3) negligent entrustment against Smith. In his deposition testimony, Ferguson admitted to driving the car when the accident occurred and has since withdrawn the first claim.

Ferguson filed a motion for summary judgment as to his claim against State Farm. State Farm also filed for summary judgment. The district court granted summary judgment in favor of State Farm, finding that Ferguson and his mother

"did not have authority to compromise and settle the minor plaintiff's personal injury claim without the approval of the court. An attempted compromise settlement does not become effective by the consent of the parent and next friend, but by the judgment of the court acting upon the facts judicially ascertained."

The court also ruled that counsel for Ferguson and State Farm were both mistaken as to the identity of the driver, and concluded that "either the lack of authority to create a binding settlement contract or the mutual mistake of fact are grounds upon which to grant the summary judgment of State Farm and deny the motion of the plaintiffs."

Following the district court's ruling, this court entered its decision in *White v. Allied Mutual Ins. Co.*, 29 Kan. App. 2d 797, 31 P.3d 328 (2001). Based on that opinion, Ferguson filed a second motion for summary judgment and a motion for reconsideration. The district court denied both motions but entered findings pursuant to K.S.A. 60-2102(b), which provided Ferguson an immediate appeal to this court.

Ferguson timely appeals. He has also filed a motion for attorney fees with this court.

Ferguson argues the district court erred in denying his motion for summary judgment and granting summary judgment in favor of State Farm. He contends State Farm was bound by the settlement agreement and that there was no mistake of fact which voided the agreement.

" 'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citation omitted.]' " *Mitchell v. City of Wichita*, 270 Kan. 56, 59, 12 P.3d 402 (2000) (quoting *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 [1999]).

The district court granted summary judgment to State Farm for two reasons. First, it found that Ferguson had no authority to enter into a binding settlement agreement because the friendly hearing had not occurred as of the time that State Farm found out that Smith had not been driving the car and rescinded the agreement. Second, the court found that there was a mutual mistake of fact as to who was driving the car.

A settlement agreement is a type of contract and, therefore, is governed by contract law. See *Marquis v. State Farm Fire & Cas. Co.*, 265 Kan. 317, 324, 961 P.2d 1213 (1998). A minor is not bound by a settlement agreement until court approval has been obtained. *Childs v. Williams*, 243 Kan. 441, 441, 757 P.2d 302 (1988). The question presented in this case is whether the insurance company has the same right.

The Court of Appeals recently addressed the issue of whether an insurer is bound by a settlement agreement between the period of the acceptance of the offer and the court's review of the settlement in *White*, 29 Kan. App. 2d 797. Fifteen-year-old Elizabeth White was a passenger in a car owned by her father, Steven, and driven by her boyfriend when the car was involved in a single car accident. Allied Mutual Insurance Company (Allied), the liability carrier on the car, agreed with Steven to settle Elizabeth's claim for $45,000 subject to approval of the district court in a " 'friendly' " hearing. Following initial contact with Allied's counsel, Steven heard nothing until he phoned Allied several months later and was informed that Allied had decided not to settle after

becoming aware of legal authority supporting a defense to Elizabeth's claim.

Steven filed suit against Allied, seeking specific enforcement of the settlement agreement. The district court granted summary judgment in favor of Allied, ruling that Steven " 'had no legal authority to enter into a binding settlement contract on behalf of his minor daughter and, therefore, Allied lawfully withdrew its offer to settle. Without the existence of a settlement contract the plaintiff's breach of contract lawsuit must be dismissed.' " 29 Kan. App. 2d at 798.

On appeal, this court stated that the public policy behind the requirement of court approval is protection of the minor's interests, not those of the minor's opponent, and held that Allied was bound by an executory accord not to revoke or attempt to withdraw its offer prior to the friendly hearing. 29 Kan. App. 2d at 800, 802.

Here, State Farm withdrew its settlement offer after Ferguson accepted it and before the friendly hearing was scheduled. State Farm concedes that *White* controls the first part of this issue. We find that State Farm was bound by executory accord not to revoke the offer. However, the question remains whether there was a mutual mistake of fact which precluded enforcement of the settlement agreement.

Ferguson alleges there was no mutual mistake of fact. If there was a mutual mistake of fact, Ferguson contends this finding should be regarded as a genuine issue to be presented to the jury.

While the law favors the compromise and settlement of disputes, a compromise may be set aside where both parties are mistaken as to the facts which form the basis of the compromise. *International Motor Rebuilding Co. v. United Motor Exchange, Inc.*, 193 Kan. 497, 500-01, 393 P.2d 992 (1964). Before a compromise settlement will be set aside for mutual mistake, it must be established that the mistake was of such nature that the parties were caused to do something they did not intend to do. 193 Kan. at 504.

It is undisputed that both parties were mistaken as to who was driving the vehicle. State Farm was not aware that Ferguson was driving the Smith vehicle at the time of the settlement negotiations. Ferguson's counsel was also unaware Ferguson had been the driver

and, by his own admission, did not learn the truth until he heard Ferguson's deposition testimony.

Clearly, the identity of the driver of the accident vehicle was an important piece of information that would form the basis of the settlement negotiations. It defies logic to think that Ferguson's counsel would have brought a claim against State Farm, or that State Farm would have agreed to settle with Ferguson, had both parties known the true driver of the vehicle.

Ferguson argues there was no mutual mistake of fact because he knew he was the driver. Ferguson further alleges that if there was a mistake, State Farm "assumed the risk" due to its poor adjusting of the claim.

Whether a party assumes the risk of mistake has been discussed by our Supreme Court:

" 'Since the parties assume the risk of mistake as to matters intended to be resolved by the compromise, a compromise and settlement is not defective merely because the parties were ignorant or mistaken as to the full extent of their rights. In order for a mistake to have legal significance and to constitute a basis for invalidating a compromise, it must be based upon the parties' unconscious ignorance; it must not relate to one of the uncertainties of which the parties were conscious and which it was the purpose of the compromise to resolve and put at rest. A person who enters into a compromise, consciously ignorant of a fact but meaning to waive all inquiry into it, is not mistaken, in the legal sense; in such a situation it is the intention of the parties to accept the consequences of uncertainty.' " *In re Estate of Thompson*, 226 Kan. 437, 441, 601 P.2d 1105 (1979) (quoting 15A Am. Jur. 2d, Compromise and Settlement § 33, p. 806 [1976]).

The purpose of settlement in the present case was not to discover who was driving the vehicle. During settlement negotiations, State Farm had no reason to question who was driving the car. Smith told Ash he was the driver, which the police report corroborated. Ferguson claimed to have no memory of the accident and stated he did not know who had been driving. Ferguson's own attorney represented in a letter to State Farm that Ferguson was a passenger in the car. It was only after State Farm received word from Smith's father that Ferguson was the driver that State Farm had reason to become suspicious. State Farm did not assume the risk of mistake.

There is substantial evidence to support the district court's finding that there was a mutual mistake of fact as to who was driving the accident vehicle.

In addition, we note a compromise and settlement may be repudiated in the presence of fraud or bad faith. *Thompson*, 226 Kan. at 440. The district court found that both parties were mistaken as to the identity of the driver, but noted that "[i]f Jason Ferguson had knowledge to the contrary and did not provide it to his attorney such silence would be grounds upon which to set aside the tentative compromise settlement." If Ferguson did know that he had been driving but failed to disclose this information, it should be considered fraud or bad faith and the settlement agreement should be set aside.

The mistake as to the identity of the driver was sufficient to void the settlement agreement, and the district court properly granted summary judgment in favor of State Farm. Additionally, because the accident was likely caused by Ferguson's own negligence, enforcement of the settlement agreement would result in unjust enrichment.

Ferguson filed a motion with this court seeking attorney fees. He requests attorney fees under K.S.A. 40-256, which allows for assessment of such fees against an insurance company if the company has refused without just cause or excuse to pay the full amount of the underlying loss.

As a preliminary matter, it does not appear that Ferguson's affidavit filed by his attorney sufficiently complied with the requirements set forth in Supreme Court Rule 7.07(b) (2002 Kan. Ct. R. Annot. 52). Pursuant to this rule, an affidavit must be attached to the motion for attorney fees specifying: "(1) the nature and extent of the services rendered; (2) the time expended on the appeal; and (3) the factors considered in determining the reasonableness of the fee. (See KRPC 1.5 Fees.)" KRPC Rule 1.5(a) (2002 Kan. Ct. R. Annot. 352) provides that the following factors are to be used in assessing the reasonableness of a fee:

"(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

"(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
"(3) the fee customarily charged in the locality for similar legal services;
"(4) the amount involved and the results obtained:
"(5) the time limitations imposed by the client or by the circumstances;
"(6) the nature and length of the professional relationship with the client;
"(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
"(8) whether the fee is fixed or contingent."

Although the affidavit accompanying Ferguson's motion for attorney fees lists the services rendered and the time spent on the appeal, the affidavit does not explain how the attorney arrived at the hourly fee of $175. Rather, the motion merely states that counsel believes this amount to be "a fair and reasonable fee request in this matter."

Ferguson has not prevailed on the issue in controversy and for that reason is also not entitled to attorney fees.

Affirmed.