NOT DESIGNATED FOR PUBLICATION

No. 122,115

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRETT WHEELER,
*Appellant*,

v.

RENTAL MANAGEMENT SOLUTIONS and JARED MUIR,
*Appellees*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed April 2, 2021. Affirmed.

*Brett Wheeler*, appellant pro se.

*Jared Muir*, of Wheatland Law Office, of Topeka, appellee pro se.

*Jonathan M. Snyder*, of Snyder Law, LLC, of Topeka, for appellee Rental Management Solutions, LLC.

Before BRUNS, P.J., BUSER, J., and WALKER, S.J.

PER CURIAM: Brett D. Wheeler appeals the district court's dismissal of a lawsuit he filed against Rental Management Solutions (RMS) and its attorney, Jared Muir. In his petition, Wheeler claimed that RMS and Muir violated the provisions of the Kansas Residential Landlord Tenant Act (KLTA), K.S.A. 58-2540 et seq. Specifically, Wheeler alleged that a settlement agreement that he had reached with RMS in an eviction proceeding violated the KLTA because it included attorney fees. After the district court

1

dismissed his claim as a matter of law, Wheeler filed this appeal in which he contends that the facts establish that RMS and Muir violated the KLTA. Because we find that the KLTA is not applicable in this case, we affirm.

FACTS

In May 2017, Wheeler entered into a lease agreement with RMS to rent an apartment in Topeka. Several months later, in February 2018, Wheeler became delinquent in making his rent payments. As a result, RMS retained Muir—an attorney licensed to practice law in the state of Kansas—to file an eviction proceeding against Wheeler.

After receiving notice of the eviction proceeding, Wheeler called RMS in an attempt to resolve the lawsuit. It is undisputed that the parties reached a settlement agreement with Wheeler paying the sum of $495 in exchange for RMS dismissing the eviction proceeding. It is also undisputed that the settlement figure was arrived at based on the past due rent owed by Wheeler in the amount of $195 and an additional $300 to cover the expenses incurred by RMS in retaining Muir to file the eviction action.

In March 2019, Wheeler filed the current lawsuit against RMS and Muir. In his petition, Wheeler alleged that the terms of the agreement to settle the first eviction proceeding violated the KLTA. Specifically, Wheeler claimed that the KLTA was violated because part of the amount paid in settlement was based on the attorney fees RMS paid to Muir. In response to Wheeler's petition, both RMS and Muir filed motions to dismiss for failure to state a claim upon which relief could be granted.

On August 6, 2019, the district court issued a memorandum decision and order dismissing Wheeler's claim against RMS and Muir as a matter of law. Subsequently, the

district court also denied a motion for new trial filed by Wheeler. Thereafter, Wheeler filed a timely notice of appeal.

ANALYSIS

The sole issue asserted by Wheeler in his brief is that "[t]he facts contained in [the record] confirm[] that [RMS and Muir] violated K.S.A. 58-2547(a)(1) and (3)." In other words, he argues the district court erred in finding he was not entitled to relief under the KLTA. We note that there appears to be some confusion regarding whether the district court dismissed Wheeler's lawsuit under K.S.A. 2020 Supp. 60-212(b) or K.S.A. 2020 Supp. 60-256. However, under the circumstances presented, the ultimate result is the same—Wheeler's KLTA claim fails as a matter of law.

Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review. In reviewing a district court's order granting a motion to dismiss, we are to consider the facts set forth in the petition in the light most favorable to the plaintiff and determine if dismissal as a matter of law is appropriate. K.S.A. 2020 Supp. 60-212(b); *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013). For the purposes of this appeal, we accept the factual allegations asserted by Wheeler in his petition to be true.

Here, our analysis involves statutory interpretation, which presents a question of law subject to unlimited review. See *Nauheim v. City of Topeka*, 309 Kan. 145, 149-50, 432 P.3d 647 (2019). In particular, to resolve this matter we must interpret two provisions of the KLTA—K.S.A. 58-2547(a)(1) and (3). "When a statute is plain and unambiguous, we are not to speculate about the legislative intent behind that clear language, and we should refrain from reading something into the statute that is not readily found in its words." *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

K.S.A. 58-2547(a)(1), provides that a rental agreement may not require a landlord or tenant to "waive or forego rights or remedies" set forth in the KLTA. Moreover, K.S.A. 58-2547(a)(3) provides that "No rental agreement may provide that the tenant or landlord . . . agrees to pay either party's attorneys' fees." We find neither of these provisions of the KLTA to be applicable to the facts alleged in Wheeler's petition.

It is important to recognize that Wheeler is not challenging the language of the underlying rental agreement. Instead, he is asserting that the agreement to settle the eviction proceeding violated the KLTA. Specifically, Wheeler argues that by entering into the settlement agreement with RMS to resolve the eviction action, he waived his rights under K.S.A. 58-2547(a)(3). However, we do not find the plain and unambiguous language of K.S.A. 58-2547(a)(3) to be applicable under the circumstances presented in this case.

On its face, K.S.A. 58-2547(a) only applies to a provision in a "rental agreement" regarding the payment of attorney fees. The term "rental agreement" is defined in K.S.A. 58-2543(k) to mean "all agreements, written or oral, and valid rules and regulations adopted under K.S.A. 58-2556 and amendments thereto, embodying the terms and conditions concerning the use and occupancy of a dwelling unit and premise." We do not find that the agreement entered into between Wheeler and RMS to settle the eviction action falls within the definition of a rental agreement as defined by the KLTA.

Consequently, we conclude that Wheeler is not entitled to relief as a matter of law. In reaching this conclusion, we also note that Kansas law favors the settlement of legal disputes. Absent bad faith or fraud, litigants who agree to resolve disputes may not subsequently repudiate their agreements. *In re Estate of Thompson*, 226 Kan. 437, 440-41, 601 P.2d 1105 (1979); see *James Colborn Revocable Trust v. Hummon Corp.*, 55 Kan. App. 2d 120, 128, 408 P.3d 987 (2017); *O'Neill v. Herrington*, 49 Kan. App. 2d 896, 903, 317 P.3d 139 (2014). In this case, Wheeler does not allege that RMS failed to

4

abide by the terms of agreement to settle the eviction action. In fact, it is undisputed that RMS dismissed the eviction action and that Wheeler continued to live in the apartment.

In his brief, Wheeler also suggests that he entered into the settlement agreement under "duress" but does not develop this argument. Furthermore, no claim for duress was stated in his petition. It appears that Wheeler's duress argument is simply a rehash of his argument that RMS and Muir violated K.S.A. 58-2547(a)(3). However, for the reasons stated above, we have found—as a matter of law—that this provision of the KLTA is not applicable to the facts alleged by Wheeler in his petition. Thus, we do not find Wheeler's duress argument to be persuasive.

In summary, it is important to reiterate that this case does not involve the terms of the rental agreement. Rather, Wheeler's claim is based on the agreement to settle the eviction proceeding. In his brief, Wheeler has cited nothing to lead us to the conclusion that the terms of the settlement agreement violated the provisions of the KLTA. Accordingly, we conclude that Wheeler's claim fails as a matter of law, and we affirm the district court.

Affirmed.